UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

FRAY MARCELINO LOPEZ RODRIGUEZ, et al.,

    Plaintiffs,

  v.

SGLC, INC., et al.,

    Defendants.

No. 2:08-cv-01971-MCE-KJM

MEMORANDUM AND ORDER

Presently before the Court is Plaintiffs' Motion for Conditional Certification of Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., Collective Action, for Court-Authorized Notice, and for Disclosure of the Names and Addresses of Potential Opt-In Plaintiffs. Defendants filed a Statement of Non-Opposition. For the following reasons, Plaintiffs' Motion is granted.[1]

///

---

[1] Because oral argument will not be of material assistance, the Court ordered this matter submitted on the briefing. E.D. Cal. Local Rule 78-230(h).

1

1 **BACKGROUND**

2

3       Plaintiffs are farm workers admitted to the United States
4 from Mexico pursuant to 8 U.S.C. § 1101(a)(15)(H)(ii)(a) and who
5 were employed by Defendants under temporary "H-2A" visas.
6 Plaintiffs allege that Defendants violated the FLSA by failing to
7 properly compensate Plaintiffs and by improperly shifting travel
8 and other immigration-related costs to Plaintiffs.
9       Plaintiffs now seek Certification of an FLSA Collective
10 Action through which the named Plaintiffs would represent "[a]ll
11 workers employed by Defendants at any time between June 10, 2008,
12 to December 31, 2008, either under the terms of an H-2A Job order
13 or who performed tasks listed under the H-2A job order including
14 picking and pruning work."  Motion for Conditional Certification,
15 1:13-16.
16       According to Plaintiffs, "Defendants' other employees worked
17 under nearly identical employment contracts and clearance orders
18 with identical pay provisions at the same farm locations, shared
19 the same job titles and job descriptions, were paid through the
20 same payroll system, and suffered the same illegal underpayment
21 of wages as a result of Defendants' systematic FLSA violations."
22 Id., 1:17-20.
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

**ANALYSIS**

Plaintiffs ask this Court to conditionally certify a collective action and to "(1) approve sending the proposed collective action notice...to all potential opt-in Plaintiffs; (2) order that Defendants produce the names and last known permanent addresses of all potential opt-in Plaintiffs to enable the delivery of the notice; (3) grant Plaintiffs' counsel three months from the date on which Defendants produce the complete names and addresses to distribute notice and file opt-in consent forms; and (4) order Defendants to post the collective action notice in each housing unit used to house workers working for Defendants during the notice period." Id., 2:2-9.

**1.   Conditional Certification of FLSA Collective Action**

"The [C]ourt's determination of whether a collective action is appropriate is discretionary.  Plaintiffs bear the burden of showing that they and the proposed class are similarly situated for purposes of [29 U.S.C. § 216(b)].  The term 'similarly situated' is not defined under the FLSA and the Ninth Circuit has yet to address the issue." Adams v. Inter-Con Sec. Systems, Inc., 242 F.R.D. 530, 535-536 (N.D. Cal. 2007) (internal citations omitted).  While courts have employed several approaches to interpret whether the parties are "similarly situated," this Court follows a two-tiered case-by-case approach. Id. at 536.

///

1    "The first step under the two-tiered approach considers
2 whether the proposed class should be given notice of the action.
3 This decision is based on the pleadings and affidavits submitted
4 by the parties.  The court makes this determination under a
5 fairly lenient standard due to the limited amount of evidence
6 before it...In the second step, the party opposing the
7 certification may move to decertify the class once discovery is
8 complete and the case is ready to be tried." Id., citing
9 Leuthold v. Destination America, Inc., 224 F.R.D. 462, 467 (N.D.
10 Cal. 2004).
11    "Courts have held that conditional certification requires
12 only that 'plaintiffs make substantial allegations that the
13 putative class members were subject to a single illegal policy,
14 plan or decision.'" Id., quoting Leuthold at 468.  Plaintiffs
15 allege Defendants violated the FLSA by failing to pay Plaintiffs
16 for all hours worked and shifting travel and immigration-related
17 costs to Plaintiffs such that Plaintiffs' first week's wages fell
18 well below the federal minimum wage.  Additionally, Plaintiffs
19 produced evidence that other workers desire to opt in.  The Court
20 finds that the farm laborers employed under the terms of the same
21 employment contracts are similarly situated with respect to their
22 pay provision and job requirements.  Accordingly, this Court
23 finds that with a substantial number of workers employed in
24 nearly identical positions, alleging nearly identical types of
25 wage violations, conditional certification of collective action
26 is appropriate.
27 ///
28 ///

4

**2.    Notice of Collective Action**

"The FLSA requires the court to provide potential plaintiffs 'accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate.'" Id., quoting Hoffmann-La Roche II, 493 U.S. 165, 170 (1989).  Additionally, "[i]n exercising the discretionary authority to oversee the notice-giving process, courts must be scrupulous to respect judicial neutrality.  To that end, trial courts must take care to avoid even the appearance of judicial endorsement of the merits of the action." Hoffmann-La Roche II at 174.

The Court finds that Plaintiffs' proposed notice meets this standard with one exception.  Accordingly, the proposed notice is approved on the condition that the section entitled "No Opinion Expressed as to Merits of Lawsuit" is moved to the first page of the notice immediately following the "Introduction" section.  See Adams at 541.

**CONCLUSION**

Plaintiffs' Motion for Conditional Certification of a FLSA Collective Action, for Court-Authorized Notice, and for Disclosure of the Names and Addresses of Potential Opt-in Plaintiffs is GRANTED.

1. The Court preliminarily certifies a FLSA collective action for:

///

5

>All workers employed by Defendants at any time between June 10, 2008 to December 31, 2008, either under the terms of an H-2A Job Order or who performed tasks listed under the H-2A job order including picking and pruning work;

2. Directs that Defendants produce to Plaintiffs the names and addresses of all potential class members within two weeks of the date of this Court's order;

3. Approves an opt-in period of three months which shall commence after the complete production of all potential class members' names and addresses during which to distribute notice;

4. Approves the mailing and posting of the proposed notice, for distribution to potential class members which shall include notice of the Opt-in period as established in this Order; and

5. Directs that, for the three-month opt-in period, Defendants post a copy of the notice in Spanish and English in each trailer, house, camp, barrack or apartment used to house workers currently working at Defendants' farm labor contracting operations (including but not limited to the following locations: 51375 S. Netherlands Road, Clarksburg, CA 95612, 11275 Hwy 160, Courtland, CA 95615 and 14877 Racetrack Road, Walnut Grove, CA 95610).

IT IS SO ORDERED.

Dated: February 5, 2009

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE