# EXHIBIT 1

**CALIFORNIA RURAL LEGAL ASSISTANCE, Inc.**

**Stockton Office**
20 N. Sutter, Suite 203
Stockton, CA 95202
(209) 946-0605 (telephone)
(209) 946-5730 (fax)

**Joana Basulto**
**Marcela M. Ruiz**
Directing Attorneys

**Blanca A. Bañuelos**
Migrant Unit
Regional Director of Advocacy
Attorney

**Kristina L. Burrows**
**Richard Oliver** *Emeritus*
Staff Attorneys

**Esmeralda Zendejas**
Migrant Unit Staff Attorney
Dairy Project

**Kristine L. Moore**
Landlord-Tenant Clinic
Community Workers

**Central Office**
631 Howard St., Suite 300
San Francisco, CA 94105
(415) 777-2752 (telephone)
(415) 543-2752 (fax)
www.crla.org

**José R. Padilla**
Executive Director

**Luis C. Jaramillo**
Deputy Director

**Ralph Santiago Abascal**
General Counsel (1934-1997)

**William G. Hoerger**
**Ilene Jacobs**
**Michael L. Meuter**
**Cynthia Rice**
Directors of Litigation, Advocacy
& Training

**Regional Offices**
Arvin       Marysville    San Luis Obispo
Coachella   Modesto       Santa Barbara
Delano      Monterrey     Santa Cruz
El Centro   Oceanside     Santa Maria
Fresno      Oxnard        Santa Rosa
Gilroy      Paso Robles   Watsonville
Madera      Salinas

October 9, 2009

**By Fax to (805) 389-5288 and US Mail**

Valerie L. Williams, Associate Attorney
Law Offices of Charley M. Stoll
711 Daily Drive #115
Camarillo, CA 93010

Re:   *Fray Marcelino Lopez, et al., v. SGLC, Inc., et al.*
      Case No. 2:08-cv-01971-MCE-KJM
      Defendant SGLC, Inc., et al. Discovery Responses & Initial Disclosures

Dear Ms. Williams:

The purpose of this letter is to raise a number of concerns that we have with respect to the discovery responses and initial disclosures that we received from you in the above referenced matter. Our hope is that we can resolve these concerns informally without assistance from the court.

I.   **Defendants' Joint Responses to Plaintiff Fray Marcelino Lopez Rodriguez's First Set of Special Interrogatories**

   A.   **Interrogatory No. 1**

This interrogatory seeks to discover efforts made by SGLC, Inc. in 2008 to advertise California job opportunities in Colima, Mexico. The defendant did not raise any objections to this interrogatory; and, the defendant responded that it is still gathering and compiling information regarding this interrogatory and that it will supplement responses as soon as the information gathering is completed. The defendant has yet not provided any of this information pertaining to this interrogatory. Please supplement your response to this interrogatory.

   B.   **Interrogatory No. 2**

This interrogatory seeks to discover a description each occasion when SGLC, Inc. Recruited or otherwise advised potential employees in Colima, Mexico about the job opportunities with SGLC, Inc. in California. The defendant did not raise any objections to this interrogatory; and, the defendant responded that it is still gathering and compiling information regarding this interrogatory and that it will supplement responses as soon as the information gathering is

LSC

Valerie L. Williams, Esq.
**RE: Defendant SGLC, Inc., et al. Discovery Responses & Initial Disclosures**
October 9, 2009
Page 2 of 11

---

completed. The defendant has yet not provided any of this information pertaining to this interrogatory. Please supplement your response to this interrogatory.

### C. Interrogatory 3

This interrogatory seeks information about each occasion during which SGLC, Inc. met with Mexico officials during 2008 and discussed job opportunities in California. The defendant did not raise any objections to this interrogatory; and, the defendant responded that it is still gathering and compiling information regarding this interrogatory and that it will supplement responses as soon as the information gathering is completed. The defendant has yet not provided any of this information pertaining to this interrogatory. Please supplement your response to this interrogatory.

### D. Interrogatory 4

This interrogatory seeks to discover the location of the H2A employee housing. The defendant did not raise any objections to this interrogatory; and the defendant did not fully respond to this interrogatory. Specifically, subsection (b) requests the name, address and telephone number of the owner of the housing, and subsection (c) requests the name, address and telephone number of the individual or entity with whom SGLC contracted with to use the housing. The documents provided included Locations of Camps [1841] that provided address for each housing unit, but two housing units identified as Headquarters Camp and G&H Apartments lacked the name of the owner. Furthermore all locations listed did not include the address and telephone number of the owner and none included information of who entered the contract with SGLC. Please supplement your response to this interrogatory to include all information requested.

### E. Interrogatory 5

This interrogatory seeks to discover the location where H2A employees performed work between June 1, 2008 and December 31, 2008. The defendant did not raise any objections to this interrogatory; and the defendant did not fully respond to this interrogatory. Specifically, subsection (a) requests the address, GPS location, and/or other description of the location of the land or edifice at which they worked; subsection (b) requests the name, address and telephone number of the owner of the land or edifice; subsection (c) requests the name, address and telephone number of the individual or entity with whom SGLC contracted to provide labor to work on the land; and subsection (d) requests the crop and nature of the work that was performed. Defendant's response referred to information summarized in Defendant's response to the Request for Documents propounded by Plaintiffs. Defendants produced a list of work locations [1842-1843] that had incomplete work location addresses, missing owner information,

Valerie L. Williams, Esq.
RE: **Defendant SGLC, Inc., et al. Discovery Responses & Initial Disclosures**
October 9, 2009
Page 3 of 11

---

no information about the contractual, and no information as to the crop and nature of the work performed. Defendants also produced ETA 790 [1867-1871], but this document also lacked the information requested in this interrogatory. Please supplement your response to this interrogatory to include all information requested.

### F. Interrogatory 6

This interrogatory seeks to discover the identity of each individual who supervised all SGLC, Inc. employees who worked between June 1, 2008 and December 31, 2008. The defendant did not raise any objections to this interrogatory; and the defendant did not fully respond to this interrogatory. Defendant's response referred to information summarized in Defendant's response to the Request for Documents propounded by Plaintiffs. After reviewing the documents produced, there were no documents found that related to this interrogatory. Further review was conducted of Defendant's Joint Supplemental Initial Disclosures; this information included daily labor sheets [958-1806]. Some of these documents included a name listed for "field boss" but no other relevant information. Please supplement your response to this interrogatory to include all information requested.

### G. Interrogatory 9

This interrogatory seeks to discover the names, address, phone numbers, and titles for the individuals responsible for the establishment, oversight and maintenance of the housing provided for the H2A workers during 2008. The defendant did not raise any objection to this interrogatory; and the defendant's response referred the defendant's response to the Request for Documents propounded by Plaintiffs. The documents produced by defendants included EDD Employer Furnished Housing & Facilities [1885-1911], which identify that SGLC, Inc. is the employer but is silent as to the individuals responsible for the establishment, oversight and maintenance of the housing. Please supplement your response to this interrogatory to include all the information requested and/or clarify if SGLC, Inc. assumed all these responsibilities.

### H. Interrogatory 10

This interrogatory seeks to discover a description of the bedding supplies provided to the H2A employees during 2008. The defendant did not raise any objection to this interrogatory; and the defendant's response referred to information summarized in Defendant's response to the Request for Documents propounded by Plaintiffs. The relevant documents to this interrogatory in the Request for Documents was the EDD Employer Furnished Housing & Facilities [1885-1911], that indicates how many bunks are in each housing unit, however, there is no other information on what bedding supplies were provided to each employee. Please supplement your

response to this interrogatory to include all the information requested and/or clarify if the bunks were the only bedding supplies provided to the H2A employees in 2008.

### I. Interrogatory 11

This interrogatory seeks to discover a description of all communications and documents regarding communications with the media in Mexico and California relating to the employment of H2A workers by SGLC, Inc. The defendant did not raise any objection to this interrogatory; and responded that defendant's are still gathering and compiling information with respect to this interrogatory and that defendants will supplement the response as soon as the information gathering is completed. We have since not received any supplemental information pertaining to this interrogatory. Please supplement your response to this interrogatory.

### J. Interrogatory 12

This interrogatory seeks to discover a description of all communications and documents regarding communications with Dr. Santos Garcia in Mexico regarding the employment of SGLC, Inc. workers. The defendant did not raise any objection to this interrogatory; and responded that defendant's are still gathering and compiling information with respect to this interrogatory and that defendants will supplement the response as soon as the information gathering is completed. We have since not received any supplemental information pertaining to this interrogatory. Please supplement your response to this interrogatory.

### K. Interrogatory 13

This interrogatory seeks to discover SGLC, Inc.'s effort to provide adequate and nutritious food to the H2A employees in 2008. The defendant did not raise any objection to this interrogatory; and responded that defendant's are still gathering and compiling information with respect to this interrogatory and that defendants will supplement the response as soon as the information gathering is completed. We have since not received any supplemental information pertaining to this interrogatory. Please supplement your response to this interrogatory.

### L. Interrogatory 14

This interrogatory seeks to discover the individuals responsible for providing adequate, balanced and nutritious meals to H2A employees during 2008. The defendant did not raise any objection to this interrogatory; and responded that defendant's are still gathering and compiling information with respect to this interrogatory and that defendants will supplement the response as soon as the information gathering is completed. We have since not received any supplemental

Case 2:08-cv-01971-MCE-KJN   Document 45-2   Filed 12/16/09   Page 6 of 15

Valerie L. Williams, Esq.
**RE: Defendant SGLC, Inc., et al. Discovery Responses & Initial Disclosures**
October 9, 2009
Page 5 of 11

information pertaining to this interrogatory. Please supplement your response to this interrogatory.

### M. Interrogatory 16

This interrogatory seeks to discover the U.S. workers employed by SGLC, Inc. to work in agricultural operations in the Sacramento Delta area. The defendant did not raise any objection to this interrogatory; and the defendant did not fully respond to this interrogatory. Defendant's response referred to information summarized in defendant's response to the Request for Documents propounded by Plaintiffs. After reviewing the documents produced, there were no documents found that related to this interrogatory. Please supplement your response to this interrogatory to include all information requested.

### N. Interrogatory 17

This interrogatory seeks to discover the description of the contract or agreements for U.S. employees under which those U.S. employees were employed by SGLC, Inc. The defendant did not raise any objection to this interrogatory; and the defendant did not fully respond to this interrogatory. Defendant's response indicated that the information requested was previously disclosed in defendant's joint initial disclosures. Upon review of defendant's joint initial disclosures and joint supplemental initial disclosures, no documents were found related to this information sought. Please supplement your response to this interrogatory to include all information requested and/or indicate which previously disclosed documents you allege contain this information.

### O. Interrogatories 18-25

These interrogatories seek information regarding the representations made by SGLC, Inc. to residents of Mexico during the occasion which they recruited in Mexico. More specifically:

1. **Interrogatory 18** seeks to discover representations regarding employment, whether written or oral, and who said it.

2. **Interrogatory 19** seeks to discover representations regarding housing, whether written or oral, and who said it.

3. **Interrogatory 20** seeks to discover representations regarding transportation to and from the place of recruitment, whether written or oral, and who said it.

Case 2:08-cv-01971-MCE-KJN   Document 45-2   Filed 12/16/09   Page 7 of 15

Valerie L. Williams, Esq.
RE: **Defendant SGLC, Inc., et al. Discovery Responses & Initial Disclosures**
October 9, 2009
Page 6 of 11

4. **Interrogatory 21** seeks to discover representations regarding transportation between housing sites and work sites, whether written or oral, and who said it.

5. **Interrogatory 22** seeks to discover representations regarding the nature of the work to be performed, whether written or oral, and who said it.

6. **Interrogatory 23** seeks to discover representations regarding the number of weeks of work available, whether written or oral, and who said it.

7. **Interrogatory 24** seeks to discover representations regarding the provisions of food to employees during the time employees stayed in SGLC, Inc. housing, whether written or oral, and who said it.

8. **Interrogatory 25** seeks to discover representations regarding the experience necessary for the job, whether written or oral, and who said it.

The Defendant did not raise any objection to these interrogatories; and responded that Defendant's are still gathering and compiling information with respect to these interrogatories and that Defendants will supplement the responses as soon as the information gathering is completed. We have since not received any supplemental information pertaining to these interrogatories. Please supplement your response to interrogatories 18-25.

## II. Defendant SGLC, Inc.'s responses to Plaintiff Fray Marcelino Lopez Rodriguez's First Set of Request for Documents

### A. Request No. 1

This is a request for fliers, announcements or other documents distributed in Mexico announcing and/or describing the job opportunities with SGLC, Inc. during 2008. The defendant did not raise any objection to this request; and responded that defendant's are conducting a search whether it had custody of the documents and that defendant will supplement response as soon as the information becomes available. We have yet not received any information indicating if these documents are in Defendant's custody. Please respond to this request for documents.

### B. Request No. 2

This is a request for newspaper advertisements, radio or television broadcasts and/or other communications relating to recruitment of workers in Mexico for 2008. The defendant did not raise any objection to this request; and the defendant did not fully respond to this request. The defendant stated that all documents within defendant's custody, possession, or control are

Valerie L. Williams, Esq.
**RE: Defendant SGLC, Inc., et al. Discovery Responses & Initial Disclosures**
October 9, 2009
Page 7 of 11

---

attached. The defendant attached a letter from Dr. Santos thanking SGLC, Inc. for the opportunity to provide work for Colimenses [1878-1879]. However, this document does not provide the information requested in the request and no other documents attached speak to this request. Please supplement your response to this request.

### C. Request No. 5

This is a request for the contracts entered into between SGLC, Inc. and any other entities, agricultural labor, not limited to agricultural processing and packing between June 1, 2008 and December 31, 2008 not already produced by defendant's initial disclosures. The defendant did not raise any objection to this request; and the defendant did not adequately respond to this request. The defendant sated that information for this request was previously disclosed in the joint initial disclosures, however, upon review of the documents the joint initial disclosures only the contracts with the H2A workers were included. Please clarify if no contracts were entered into between SGLC, Inc. and any other individual or entity. If defendant did enter contracts with other individuals or entities within the context of request number 5, please supplement your answer to this request.

### D. Request No. 6

This is a request for the mileage and/or distance records for transportation of H2A workers from the housing site to the work site provided by SGLC, Inc. in 2008. The defendant did not raise any objection to this request; and responded that Defendant's are conducting a search whether it had custody of the documents and that defendant will supplement response as soon as the information becomes available. We have yet not received any information indicating if these documents are in defendant's custody. Please respond to this request for documents.

### E. Request No. 7

This is a request for documents, not already provided in the initial disclosures, relating to the provision of transportation from the place of recruitment in Mexico to the work sites in California. The defendant did not raise any objection to this request; and responded that these documents were previously disclosed in the joint initial disclosures. The documents include article 12 of the H2A contracts that discusses the terms of transportation reimbursement [303-817]. Please clarify if these are the only documents in your possession that relate to transportation from the place of recruitment in Mexico to work sites in California. If they are not, please supplement your response this request.

Valerie L. Williams, Esq.
**RE: Defendant SGLC, Inc., et al. Discovery Responses & Initial Disclosures**
October 9, 2009
Page 8 of 11

## F. Request No. 8

This is a request for contracts entered into between SGLC, Inc. and any other individual or entity for use of farm labor housing or other housing between June 1, 2008 and December 31, 2008. The defendant did not raise any objection to this request; and the defendant did not adequately respond to this request. The defendant sated that information for this request was previously disclosed in the join initial disclosure, however, upon review of the documents the joint initial disclosures did not include documents that comply with this request. Please respond to this request for documents.

## G. Request No. 9

This is a request for documents, not already provided in the initial disclosures, that SGLC, Inc. gave to EDD in connection with the recruitment of U.S. workers between May 1, 2008 and December 31, 2008. The defendant did not raise any objection to this request; and the defendant did not adequately respond to this request. The defendant sated that information for this request was previously disclosed in the join initial disclosure, however, upon review of the documents the joint initial disclosures did not include documents that comply with this request. Please respond to this request for documents.

## H. Request No. 10

This is a request for documents entitled "Employer Furnished Housing and Facilities" for "Labor Camp 17" given to EDD in connection to the recruitment of workers and approval of foreign workers during 2008. The defendant did not raise any objection to this request; and responded that defendant's are conducting a search whether it had custody of the documents and that Defendant will supplement response as soon as the information becomes available. We have yet not received any information indicating if these documents are in defendant's custody. Please respond to this request for documents.

## I. Request No. 11

This is a request for documents for each non-exempt worker, not already provided in the initial disclosures, employed by SGLC, Inc. performing agricultural labor between June 1, 2008 and December 31, 2008, including, but not limited to payroll documents, hours worked, pay rate, gross wages and net wages. The defendant did not raise any objection to this request; and the defendant did not adequately respond to this request. The defendant responded that these documents were previously disclosed in the joint initial disclosures. The documents in the joint initial disclosures include Exhibit 8, daily labor sheets [958-186], and Exhibit 9, list of H2A employees [1807-1819]. The information provided does not include information for non-H2A

Valerie L. Williams, Esq.
RE: **Defendant SGLC, Inc., et al. Discovery Responses & Initial Disclosures**
October 9, 2009
Page 9 of 11

---

non-exempt employees. Please provide supplemental information for non-H2A non-exempt employees, or clarify if only H2A workers were employed.

### J.   Request No. 12

This is a request for documents relating to food provided by SGLC, Inc. to agricultural workers, including food orders, menus, meal schedules, health inspections, and similar documents between June 1, 2008 and December 31, 2008. The defendant did not raise any objection to this request; and responded that defendant's are conducting a search whether it had custody of the documents and that defendant will supplement response as soon as the information becomes available. We have yet not received any information indicating if these documents are in defendant's custody. Please respond to this request for documents.

### K.   Request No. 13

This is a request for documents relating to SGLC, Inc. efforts to meet its obligations under law to provide adequate and nutritious food to H2A workers in 2008. The defendant did not raise any objection to this request; and responded that defendant's are conducting a search whether it had custody of the documents and that defendant will supplement response as soon as the information becomes available. We have yet not received any information indicating if these documents are in defendant's custody. Please respond to this request for documents.

### L.   Request No. 15

This is a request for a readable copy of the Health Inspection Report, where the comments are readable. The defendant did not raise any objection to this request; and the defendant did not adequately respond to this request. The defendant indicated that the document is attached, however, there was no document attached pertaining to this request. Please respond to this request for documents.

### M.   Request No. 16

This is a request for documents regarding communications with Mexico and California media of SGLC, Inc. workers identified in response to interrogatory 12. The defendant did not raise any objection to this request; and responded that defendant's are conducting a search whether it had custody of the documents and that defendant will supplement response as soon as the information becomes available. We have yet not received any information indicating if these documents are in defendant's custody. Please respond to this request for documents.

Valerie L. Williams, Esq.
RE: **Defendant SGLC, Inc., et al. Discovery Responses & Initial Disclosures**
October 9, 2009
Page 10 of 11

### N. Request No. 17

This is a request for documents regarding communications with Dr. Santos Garcia about SGLC, Inc.'s employment of workers between Colima, Mexico from response to Interrogatory 13. The defendant did not raise any objection to this request; and the defendant attached a letter of communication from Dr. Santos Garcia to SGLC, Inc. [1878-1879]. Please clarify if this is the only communication between Dr. Santos Garcia and SGLC, Inc. that falls withing this request. If there are other communications, please supplement your response to this request.

### O. Request No. 18

This is a request for documents, not already provided in the initial disclosures, regarding payment to H2A workers and U.S. workers for reimbursement of expenses associated with transportation, visa, or subsistence costs connected with travel to and from the place of recruitment to the work sites. from recruitment place to work site. The defendant did not raise any objection to this request; and attached travel documents indicating deductions of $300.00 or $500.00 per employee [1853-1860]. However, this information did not include U.S. workers. Please clarify if there were no reimbursements of expenses associated with travel from recruitment place to work site for U.S. workers.

### P. Request No. 19

This is a request for documents reflecting employment policies applicable to H2A and/or U.S. workers employed between June 1, 2008 and December 31, 2008. The defendant did not raise any objection to this request; and the defendant did not adequately respond to this request. The defendant referred to documents previously disclosed in the joint initial disclosure, that included camp housing rules for H2A employees [09-229] and H2A contracts [303-817], however, there was no information regarding U.S. workers. Please clarify if there were no employment policies applicable to U.S. workers.

## III. Defendants' Joint Initial Disclosures

Parties must disclose "a copy of all documents...that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses." FRCP 26(a)(1)(A)(ii). The copies disclosed by defendant included contracts signed by the workers, camp rules, receipts and health inspector reports. However, those disclosures are incomplete. The defendants have failed to include copies of pay stubs for employees during the relevant time period. These pay stubs contain information that we expect will be used in defense of the defendants. Please provide pay stubs for your employees during the relevant pay periods.

Valerie L. Williams, Esq.
**RE: Defendant SGLC, Inc., et al. Discovery Responses & Initial Disclosures**
October 9, 2009
Page 11 of 11

     We look forward to working with you in order to resolve these pending questions about our discovery. We would greatly appreciate a response as soon as possible, or by October 19, 2009. Please contact me in order to discuss an extension of the motion to compel deadline in order to be able to resolve all of these matters without court involvement. If we do not hear from you by October 19, 2009, we will have no choice but to file a motion to compel. You may reach me at (209) 946-0609, ext. 304.

Sincerely,

**CALIFORNIA RURAL LEGAL ASSISTANCE, INC.**

*Esmeralda Zendejas*
Esmeralda Zendejas
Attorney

EXHIBIT 2

# CALIFORNIA RURAL LEGAL ASSISTANCE, Inc.

**Stockton Office**
20 N. Sutter, Suite 203
Stockton, CA 95202
(209) 946-0605 (telephone)
(209) 946-5730 (fax)

**Joana Basulto Horning**
**Marcela M. Ruiz**
Directing Attorneys

**Blanca A. Bañuelos**
Migrant Unit
Regional Director of Advocacy
Attorney

**Kristina L. Burrows**
**Richard Oliver** *Emeritus*
Staff Attorneys

**Esmeralda Zendejas**
Migrant Unit Staff Attorney
Dairy Project

**Raquel Arreola Hatfield**
**Kristine L. Moore**
Landlord -Tenant Clinic
Community Workers

**Efrain Morales**
Migrant Unit Community Worker

**Central Office**
631 Howard St., Suite 300
San Francisco, CA 94105
(415) 777-2752 (telephone)
(415) 543-2752 (fax)
www.crla.org

**José R. Padilla**
Executive Director

**Luis C. Jaramillo**
Deputy Director

**Ralph Santiago Abascal**
General Counsel (1934-1997)

**William G. Hoerger**
**Ilene Jacobs**
**Michael L. Meuter**
**Cynthia Rice**
Directors of Litigation, Advocacy
& Training

**Regional Offices**
Arvin       Marysville     San Luis Obispo
Coachella   Modesto        Santa Barbara
Delano      Monterrey      Santa Cruz
El Centro   Oceanside      Santa Maria
Fresno      Oxnard         Santa Rosa
Gilroy      Paso Robles    Watsonville
Madera      Salinas

December 3, 2009

**By Fax to (805) 389-5288 and US Mail**

Valerie L. Williams, Associate Attorney
Law Offices of Charley M. Stoll
711 Daily Drive #115
Camarillo, CA 93010

Re:  *Fray Marcelino Lopez, et al., v. SGLC, Inc., et al.*
Case No. 2:08-cv-01971-MCE-KJM
Defendant SGLC, Inc., et al. Discovery Responses & Initial Disclosures

Dear Ms. Williams:

The purpose of this letter is to follow up on the pervious meet and confer letter I sent to you on October 9, 2009. You had informed us that you would work on getting us the missing documents outlined in the meet and confer letter. However, we have still not received any documents relating to these requests. As such, if we do not receive all documents by December 10, 2009, then we will proceed in filing a Motion to Compel with the court.

At the recent deposition of Julian and Salvador Gonzalez, it was brought to our attention that documents pertaining to our discovery requests do exist, but they have not been produced. For example, both Julian and Salvador identified daily hours sheets prepared and maintained by foremen, that are different from the crew sheets that were produced. In your responses to our discovery request, no objections were raised, and as such we expect that all documents will be disclosed.

With this letter, we reincorporate all items listed in the meet and confer letter on October 9, 2009. In addition to those items, I would like to add that in Defendant's response to Request 11 of **Defendant SGLC, Inc.'s Responses to Plaintiff Fray Marcelino Lopez Rodriguez's First Set of Request for Documents**, the daily labor sheets that were produced [958-1806] appear to have missing daily labor sheets. Please send all daily labor sheets or confirm that there are no further daily labor sheets in your possession. Additionally, the payroll deduction list produced in Exhibit 9, list of H2A employees [1807-1819] is not sufficient to satisfy the request for payroll documents since the payroll documents should reflect each pay period and not a total summary of wages paid. To the extent that this information is stored electronically, it should have been and should be produced in that format. Moreover, Request 11 encompasses a request for

LSC

copies of pay stubs to each worker. Please provide this information as well.

    We hope that we will be able to resolve these issues without court involvement. We would greatly appreciate a response as soon as possible, or by December 10, 2009. Please contact me in order to discuss an extension of the motion to compel deadline. If we do not hear from you by December 11, 2009, we will have no choice but to file a motion to compel. You may reach me at (209) 946-0609, ext. 304.

Sincerely,

**CALIFORNIA RURAL LEGAL ASSISTANCE, INC.**

*[signature]*

Esmeralda Zendejas
Attorney