UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRAY MARCELINO LOPEZ RODRIGUEZ,

       Plaintiffs,

  v.

SGLC, INC., et al.,

       Defendants.

No. 2:08-cv-01971-MCE-KJN

MEMORANDUM AND ORDER

----oo0oo----

Plaintiffs in the present action, a group of 44 Mexican citizens admitted to the United States on temporary work visas ("Plaintiffs"), seek damages for unpaid wages, breach of contract, violation of California labor and housing laws, unfair competition, and fraud.  Plaintiffs filed their original complaint in 2008, and now have joined in their Second Amended Complaint ("SAC") four new defendants: Greene and Hemley, Vino Farms, Inc., Van Ruiten Brothers, and Islands, Inc. ("Defendants"), agricultural growers and producers who allegedly employed Plaintiffs.

1

Defendants have each moved independently to dismiss Plaintiffs' SAC pursuant to Federal Rule of Civil Procedure 12(b)(6) and 9(b).[1]  Additionally, three of the Defendants have moved for a more definite statement under Rule 12(e), and two have moved to strike portions of the SAC under Rule 12(f) and to sever under Rule 42.

Because these four motions are substantially similar, this Court will address them all in this Order.  For the reasons set forth below, Defendants' Motions to Dismiss, to Strike, to Sever, and for a More Definite Statement are denied.[2]

### BACKGROUND[3]

Plaintiffs, citizens of Mexico, were allegedly recruited to work in and around Galt and Clarksburg, California, in 2008 by SGLC, Inc. (another defendant in the present action, but not a party to the Motions to Dismiss).  SGLC provided Plaintiffs and other farm workers with visas through the federal H-2 visa program, and promised them six months of work at one hundred dollars per day.  According to Plaintiffs, at all times Defendants "acted in concert" with SGLC and were their joint employers.

---

[1] Unless otherwise noted, all further references to Rule or Rules are to the Federal Rules of Civil Procedure.

[2] Because oral argument will not be of material assistance, the Court orders this matter submitted on the briefs.  E.D. Cal. Local Rule 230(g).

[3] The factual assertions in this section are based on the allegations in Plaintiffs' SAC unless otherwise specified.

2

Plaintiffs paid for their transportation and cost of living while traveling from Mexico to their work sites in California, as well as other administrative fees. Plaintiffs argue that contrary to the terms of their work contract, they were not reimbursed for these expenses.[4] Plaintiffs were also charged for the meals that Defendants provided. They argue that these expenses were de facto deductions from Plaintiffs' wages, and that they reduced their earnings to below the state and federal minimum wage. Plaintiffs also contend that living conditions at the various work sites did not meet the minimum standards set by state and federal laws, and that the meals provided were not adequate or nutritious.

In light of these alleged violations of state and federal law, Plaintiffs bring eight causes of action. First, for violations of the Fair Labor Standards Act ("FLSA"); second, for breach of contract; third, for failure to pay wages under California law; fourth, for failure to provide meal and rest periods mandated by California law; fifth, for failure to pay wages due upon termination; sixth, for violation of California's Employee Housing Act; seventh, for unlawful competition in violation of California law; eighth, for fraud and misrepresentation; and ninth, for solicitation of employees by misrepresentation.

---

[4] Defendant Vino Farms has requested that the Court judicially notice the H-2A contract attached by Plaintiffs as an exhibit to their Motion for Conditional Certification. Additionally, Defendant Greene and Hemley has requested that the Court judicially notice Plaintiffs' SAC, filed in this Court. These requests are unopposed and will be granted, although the Court notes that a Request for Judicial Notice is unnecessary for pleadings in the same case.

Each cause of action is brought against all defendants to the present action. Defendants seek to dismiss the SAC for failure to meet the pleading requirements established by rule 8(a). Defendants argue that Plaintiffs have failed to allege facts indicating that Defendants were joint employers of Plaintiffs, that the SAC does not meet the heightened state and federal pleading requirements for fraud, and that Plaintiffs have failed to state a claim for breach of contract. Van Ruiten Bros Defendants, Islands Defendants, and Vino Farms Defendants seek a more definite statement as to which claims are being brought against which defendants, and Islands Defendants and Vino Farms Defendants seek both to strike certain allegations and to sever Defendants from the present action.

**STANDARD**

**A.   Motion to Dismiss under Rule 12(b)(6)**

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party. <u>Cahill v. Liberty Mut. Ins. Co</u>., 80 F.3d 336, 337-38 (9th Cir. 1996). Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the...claim is and the grounds upon which it rests." <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957).

///
///

4

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations and quotations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." Id. at 555 (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004) ("The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"). In order to "state a claim for relief that is plausible on its face," Aschroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009)(quoting Twombly, 550 U.S. at 570), plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 1949. "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. at 1949 (internal citation and quotation omitted).

**B.   Motion for a More Definite Statement under Rule 21(e)**

Before interposing a responsive pleading, a defendant may move for a more definitive statement "[i]f a pleading...is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading...." Fed. R. Civ. P. 12(e).

5

A Rule 12(e) motion is proper when the plaintiff's complaint is so indefinite that the defendant cannot ascertain the nature of the claim being asserted. Gay-Straight Alliance Network v. Visalia Unified Sch. Dist., 262 F. Supp. 2d 1088, 1099 (E.D. Cal. 2001).

Due to the liberal pleading standards in the federal courts embodied in Rule 8(e) and the availability of extensive discovery, courts should not freely grant motions for more definitive statements. Famolare, Inc. v. Edison Bros. Stores, Inc., 525 F. Supp. 940, 949 (E.D. Cal. 1981). Indeed, a motion for a more definitive statement should be denied unless the information sought by the moving party is not available or is not ascertainable through discovery. Id.

**C.   Motion to Strike under Rule 12(f)**

The Court may strike "from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial...." Sidney-Vinstein v. A.H. Robins Co., 697 F.2d 880, 885 (9th Cir. 1983). Immaterial matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded. Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993) (rev'd on other grounds Fogerty v. Fantasy, Inc., 510 U.S. 517 (1994)) (internal citations and quotations omitted).

6

Impertinent matter consists of statements that do not pertain, and are not necessary, to the issues in question. Id.

**D.   Leave to Amend**

If the court grants a motion to dismiss a complaint, it must then decide whether to grant leave to amend. The court should "freely give[]" leave to amend when there is no "undue delay, bad faith[,] dilatory motive on the part of the movant,...undue prejudice to the opposing party by virtue of...the amendment, [or] futility of the amendment...." Fed. R. Civ. P. 15(a); Foman v. Davis, 371 U.S. 178, 182 (1962). Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. DeSoto v. Yellow Freight Sys., Inc., 957 F.2d 655, 658 (9th Cir. 1992).

**ANALYSIS**

**A.   Pleading Standards under Rule 8(a)**

The Ninth Circuit has held that "[t]o comply with Rule 8 each plaintiff must plead a short and plain statement of the elements of his or her claim, identifying the transaction or occurrence giving rise to the claim and the elements of the prima facie case." Bautista v. Los Angeles County, 216 F.3d 837, 840 (9th Cir. 2000).

///
///
///

7

1  In cases involving multiple plaintiffs and defendants, "[c]ourts
2  have required separate counts where multiple claims are asserted,
3  where they arise out of separate transactions or occurrences, and
4  where separate statements will facilitate a clear presentation."
5  Id. at 840-841 (internal citation omitted).  The ultimate goals
6  are efficiency and fairness; "unless cases are pled clearly and
7  precisely, issues are not joined, discovery is not controlled,
8  the trial court's docket becomes unmanageable, the litigants
9  suffer, and society loses confidence in the court's ability to
10 administer justice."  Id. at 841.

11     The present action is distinct from Bautista.  In that case,
12 a large group of plaintiffs brought discrimination claims against
13 a mutual employer.  Id.  Plaintiffs sought to plead their
14 discrimination claims collectively, without specifying the acts
15 that gave rise to the dispute.  Id.  Plaintiffs to that action
16 had been hired and fired at different times and for different
17 reasons, but this information was not provided in the complaint.
18 Id.  In that case, a more specific pleading was necessary to
19 serve the intent of the Federal Rules to "secure the just,
20 speedy, and inexpensive determination of every action and
21 proceeding."  Fed. R. Civ. P. 1.

22     In the present action, efficiency and fairness would not be
23 served by demanding a more specific pleading.  A complaint that
24 alleged separate violations on behalf of each of the 44
25 Plaintiffs would be dense, overlong, and unwieldy and would not
26 "facilitate a clear presentation."
27 ///
28 ///

8

Moreover, it would exceed the demands of Rule 8(a) for a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

Contrary to Defendant Vino Farms' argument, the SAC does not fall into the category of "shotgun pleadings" referred to by several District Court decisions. Destfino v. Kennedy, No. CV-F-08-1269 LJO DLB (E.D. Cal. Jan. 8, 2009); Cataulin v. Washington Mutual Bank, No. 08 CV 2419 JM (NLS) (S.D. Cal. Mar. 9, 2009). A shotgun complaint is "replete with allegations that 'the defendants' engaged in certain conduct, making no distinction among the [various] defendants charged." Destfino at 6 (citing Magluta v. Samples, 256 F.3d 1282, 1284 (11th Cir. 2001)). Plaintiffs do not "allege all claims indiscriminately," Cataulin at 2, but plead specific facts against Defendant Vino Farms as to housing conditions and the quality of the workers' meals. Plaintiffs allege that they were all hired pursuant to the same employment contract and that this employment contract was violated by all Defendants; the similarity of the claims against Defendants at this stage in the pleadings, then, is unavoidable.

**B.   Claims of Joint Employer Relationship**

Plaintiffs contend that Defendants employed them jointly with SLGC, and are therefore liable for violations of federal law. To determine whether a joint employer relationship exists for the purposes of the FLSA, courts apply an "economic reality" test.

///

9

1  Torres-Lopez v. May, 111 F.3d 633, 639 (9th Cir. 1997); Bonnette
2  v. California Health and Welfare Agency, 704 F.2d 1465, 1470 (9th
3  Cir. 1983).  This test involves a consideration of "all factors
4  which are relevant to the particular situation in evaluating the
5  economic reality of an alleged joint employment relationship."
6  Torres-Lopez, 111 F.3d at 639 (citations omitted).  Rather than a
7  "mechanical determination," the test should take into account the
8  "circumstances of the whole activity."  Bonnette, 704 F.2d at
9  1470 (citations omitted).  The definition of "employer" for the
10 purposes of the FLSA is a broad one, and has been called "the
11 broadest definition that has ever been included in any one act."
12 Torres-Lopez, 111 F.3d at 638 (citing United States v.
13 Rosenwasser, 323 U.S. 360, 363 n.3 (1945)).  The Ninth Circuit
14 has held that joint employment should also "be defined
15 expansively under the FLDA."  Id. at 639.

16       Plaintiffs also argue that Defendants were their employers,
17 as defined by the Industrial Welfare Commission's ("IWC")
18 Order 14, 8 Cal. Code Regs. § 11140, for the purposes of their
19 state law claims.  The California Supreme Court recently held
20 that the IWC's wage orders "do not incorporate the federal
21 definition of employment."  Martinez v. Combs, 49 Cal. 4th 35, 52
22 (2010).  It then articulated three alternate definitions of "to
23 employ": "(a) to exercise control over the wages, hours or
24 working conditions, *or* (b) to suffer or permit to work, *or* (c) to
25 engage, thereby creating a common law employment relationship."
26 Id. at 64 (emphasis in original).
27 ///
28 ///

10

1    Under both state and federal standards, Plaintiffs' SAC
2 alleges sufficient facts that, if taken as true, establish a
3 joint employer relationship between Defendants and SLGC.  Under
4 the <u>Martinez</u> test, Plaintiffs claim that Defendants controlled
5 Plaintiffs' work schedules, number of hours worked, and rates of
6 pay, and that Defendants participated in recruiting and hiring
7 Plaintiffs.  Under the "economic reality" test, in addition to
8 the allegations above, Plaintiffs contend that Defendants
9 supervised their work while at the work sites and set their work
10 schedule and location.  These allegations rise above conclusory
11 statements; Plaintiff's SAC, therefore, states a plausible claim
12 for relief.

### C.   Fraud Claims

16    Allegations of fraud must meet a higher pleading standard
17 than that provided by Rule 8(a).  "In alleging fraud or mistake,
18 a party must state with particularity the circumstances
19 constituting fraud or mistake."  Fed. R. Civ. P. 9(b).  This
20 heightened standard "requires a pleader of fraud to detail with
21 particularity the time, place, and manner of each act of fraud,
22 plus the role of each defendant in each scheme."  <u>Lancaster Cmty.
23 Hosp. V. Antelope Valley Hosp. Dist.</u>, 940 F.2d 397, 405 (9th Cir.
24 1991).  The purpose of this requirement is "to give defendants
25 notice of the particular misconduct which is alleged to
26 constitute the fraud charged so that they can defend against the
27 charge and not just deny that they have done anything wrong."
28 ///

11

1  Bly-Magee v. California, 236 F.3d 1014, 1019 (9th Cir. 2001)
2  (quoting Neubronner v. Milken, 6 F.3d 666, 672 (9th Cir. 1993).
3  Plaintiffs allege in their SAC that Defendants promised to provide six months of work at one hundred dollars per day, and that this work was not provided.  Plaintiffs allege that these promises were made in Colima, Mexico, when Plaintiffs were recruited, and that when the promises were made that Defendants knew they did not have sufficient work for the number of workers recruited.  They further allege that on the basis of these promises, Plaintiffs were induced to leave Mexico and travel to work sites in Northern California, incurring expenses that they now claim as damages.  Plaintiffs have plead with enough specificity to put Defendants on notice as to the charges against them.

### D.   Motions to Strike, to Sever, and for a More Definite Statement

Rule 20(a) allows for joinder of defendants "if any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences, and any question of law or fact common to all defendants will arise in the action."  Fed. R. Civ. P. 20(a)(2).  Plaintiffs' SAC meets both these conditions.  The same transaction-the recruitment of workers in Mexico and the signing of the employment contract-gives rise to the present action.

///
///

12

Questions of fact common to all Defendants include, but are not limited to, whether Plaintiffs were promised certain hours and wage rates and whether those promises were met.  Defendant Vino Farms argues that claims against Defendants should be severed in the interest of fairness and efficiency, but this argument is without merit.  The claims brought by Plaintiffs are sufficiently alike that efficiency demands that they be brought at the same time.  Furthermore, this Court does not find that Defendants will be prejudiced if these claims are brought together.

Because this Court finds that Plaintiffs have plead with sufficient specificity to meet the pleading requirements of the Federal Rules, Defendants' Motions to Strike and for a More Definite Statement are denied as moot.

**CONCLUSION**

Based on the foregoing, Defendants' Motions to Dismiss, to Strike, to Sever, and for a More Definite Statement (Docket Nos. 82, 86, 87, 96) are DENIED.

IT IS SO ORDERED.

Dated: July 23, 2010

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

Questions of fact common to all Defendants include, but are not limited to, whether Plaintiffs were promised certain hours and wage rates and whether those promises were met.  Defendant Vino Farms argues that claims against Defendants should be severed in the interest of fairness and efficiency, but this argument is without merit.  The claims brought by Plaintiffs are sufficiently alike that efficiency demands that they be brought at the same time.  Furthermore, this Court does not find that Defendants will be prejudiced if these claims are brought together.

Because this Court finds that Plaintiffs have plead with sufficient specificity to meet the pleading requirements of the Federal Rules, Defendants' Motions to Strike and for a More Definite Statement are denied as moot.

**CONCLUSION**

Based on the foregoing, Defendants' Motions to Dismiss, to Strike, to Sever, and for a More Definite Statement (Docket Nos. 82, 86, 87, 96) are DENIED.

IT IS SO ORDERED.

Dated: July 23, 2010

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE