# EXHIBIT 13

## TO

## DECLARATION OF CYNTHIA L. RICE

## Part 1 of 8 Parts

# EXHIBIT 13-a

1  Cynthia L. Rice (SBN 87630)
   CALIFORNIA RURAL LEGAL ASSISTANCE, INC.
2  631 Howard Street, Suite 300
   San Francisco, CA 94105
3  Telephone: (415) 777-2752
   Facsimile: (415) 543-2752

4

5  Blanca Bañuelos (SBN 231585)
   Esmeralda Zendejas (SBN 258809)
6  CALIFORNIA RURAL LEGAL ASSISTANCE, INC.
   145 E. Weber Avenue
7  Stockton, CA 95202
   Telephone: (209) 946-0605
8  Facsimile: (209) 946-5730

9  Attorneys for Plaintiffs Sergio Aguirre Batista, Hugo Santiago Arredondo Huerta, Daniel Becerra
   Aguilar, Israel Blas Jimenez, Librado Blas Martinez, Ramiro Alejandro Garcia Castro, Enrique
10 Garcia Michel, Jaime Lopez Ramos, Fray Marcelino Lopez Rodriguez, Luis Ramon Naranjo
   Campos, Angel Pano Ruiz, Frisdman Peña Ochoa, Aldo Manuel Rodriguez Zepeda, Octavio
11 Revolledo Godinez, Agustin Torres Elias, Tomas Ayala Gonzalez, Marco Cesar Garcia Gutierrez,
   Jose Luis Rodriquez, Armando Zuniga Arias, Joel Murillo Guerrero, Oscar Manuel Carillo Torres,
12 Christian Ceja Ruiz, Christian Cruz Valverde, Demetrio Montes Gaitan, Gibran Rigoberto Diaz
   Campo, Leonel Esparza Ramirez, Benigno Martinez Marquez, Rene Meza Sanchez, Jesus Junior
13 Robles Rodriguez, Luis Manuel Torres Contreras, Uriel Torres Contreras, Juan Alfonso Bailon
   Marquez, Hugo Cesar Ceja Ibarra, Rigoberto Sandoval Preciado, Roberto Cruz Barragan, Obed
   Mares Contreras

14

15 Julia L. Montgomery (SBN 184083)          Mark Talamantes (SBN 187961)
   CALIFORNIA RURAL LEGAL                    TALAMANTES/VILLEGAS/CARRERA, LLP
16 ASSISTANCE FOUNDATION                     170 Columbus Avenue, Suite 300
   2210 K Street, Suite 201                  San Francisco, CA 94133
17 Sacramento, CA 95814                      Telephone: (415) 989-8000
   Telephone: (916) 446-7901                 Facsimile: (415) 989-8028
18 Facsimile: (916) 446-3057

19 Attorneys for all Plaintiffs             Attorneys for all Plaintiffs

20                     UNITED STATES DISTRICT COURT
                   FOR THE EASTERN DISTRICT OF CALIFORNIA

21 FRAY MARCELINO LOPEZ RODRIGUEZ,    CASE NO. 2:08-CV-01971-MCE-KJM
   et al.,
22                                     PLAINTIFF HUGO SANTIAGO
                 Plaintiffs,           ARREDONDO HUERTA'S RESPONSES
23                                     TO DEFENDANT VINO FARMS, INC.'S
   v.                                  INTERROGATORIES, SET ONE
24
   SGLC INC., et al.,
25
                 Defendants.
26

27

28 ///

1  Admit that the Daily Labor Sheets and Time sheets produced by Vino Farms with its initial

2  disclosures accurately reflect your hours worked on Vino Farms property.

3  **KNOWLEDGEABLE PERSONS:**

4      Plaintiff, Plaintiffs' fellow H-2A workers and all Defendants and their agents.

5  **INTERROGATORY NO. 4**

6  State the date your employment with SGLC, Inc. under the H-2A program was terminated (whether

7  through discharge or resignation).

8      **RESPONSE TO INTERROGATORY NO. 4**

9      Plaintiff's last day of work for SGLC, Inc. was on or about August 21, 2008.  Plaintiff does

10  not know the exact date that his employment under the H-2A program was terminated.

11  **INTERROGATORY NO. 5**

12  State the beginning and ending dates of your alleged employment by Vino Farms.

13      **RESPONSE TO INTERROGATORY NO. 5**

14      Plaintiff objects to this interrogatory insofar as it calls for a legal conclusion.  Without

15  waiving this objection, Plaintiff responds as follows:

16      Plaintiff's first day of work for the Defendants was on or about July 27, 2008, and his last

17  day of work was on or about August 21, 2008.  Plaintiff does not know the exact dates when his

18  employment began and ended.

19  **INTERROGATORY NO. 6**

20  State the dates you claim you were housed at Camp 17.

21      **RESPONSE TO INTERROGATORY NO. 6**

22      Plaintiff was housed at Camp 17 between the approximate dates of July 20, 2008 through

23  August 21, 2008.

24  **INTERROGATORY NO. 7**

25  State every fact that supports your contention that Vino Farms "acted in concert with the SGLC

26  Defendants in applying for, and recruiting and hiring H-2A workers for admission and work under

27  the approved H-2A application" as alleged in paragraph 19 of the SAC.

28      **RESPONSE TO INTERROGATORY NO. 7**

1      Plaintiff objects to this Interrogatory as discovery has not been completed in this matter, and

2  Plaintiff has not received all documents relevant to this matter and has not yet deposed all defendants

3  or their agents.  Furthermore, Plaintiff objects to this interrogatory insofar as it calls for a legal

4  conclusion.  Without waiving any objections, Plaintiff responds as follows:

5      A representative or representatives from Vino Farms met several times in late 2007 and in

6  the first half of 2008 with Salvador Gonzalez, Julian Gonzalez and other grower representatives who

7  contracted with the SGLC defendants in 2008.  At these meetings, among the topics they discussed

8  were how long it would take to bring workers to the U.S. under the H-2A program, how to house the

9  workers, whether workers from Colima had sufficient experience in agriculture, and whether this

10 initial recruitment of workers could open the door to growers bringing in more H-2A workers from

11 Colima in the future.  A representative from Vino Farms participated in a vote along with the other

12 grower representatives at one of these meetings on whether or not to bring H-2A workers to the U.S.

13 through the SGLC Defendants, and the vote was in favor of applying for and recruiting H-2A

14 workers from Colima.  A Vino Farms representative initially planned to accompany the SGLC

15 Defendants and other grower representatives at a worker recruitment meeting in Colima, Mexico,

16 but had to cancel the trip on short notice.  The SGLC Defendants told officials from the Mexican

17 government in Colima that they could not decide whether to recruit H-2A workers from Colima

18 without the approval of the growers with whom they contracted.

19 **INTERROGATORY NO. 8**

20 State every fact that supports your contention that you were "jointly employed by the SGLC, Inc.

21 [sic] Defendants, JULIAN GONZALEZ and the [sic] VINO FARMS, INC." as alleged in paragraph

22 23 of the SAC.

23     **RESPONSE TO INTERROGATORY NO. 8**

24     Plaintiff objects to this Interrogatory as discovery has not been completed in this matter, and

25 Plaintiff has not received all documents relevant to this matter and has not yet deposed all defendants

26 or their agents.  Furthermore, Plaintiff objects to this interrogatory insofar as it calls for a legal

27 conclusion.  Without waiving any objections, Plaintiff responds as follows:

28

1  or their agents.  Furthermore, Plaintiff objects to this interrogatory insofar as it calls for a legal

2  conclusion.  Without waiving any objections, Plaintiff responds as follows:

3          Based on the information currently available to Plaintiff, the amount of money Plaintiff

4  claims all Defendants jointly owe him for violations of the Employee Housing Act at Camp 17 is

5  $3,550.00. This amount was calculated by multiplying $100.00 per day Plaintiff lived at Camp 17

6  from when he moved in until some violations were corrected at the end of August, 2008, plus $50

7  per day from September 1, 2008 until the date Plaintiff moved out, plus additional damages of

8  $50.00 per week he resided at Camp 17.

9  **INTERROGATORY NO. 21**

10 State every fact that supports your contention that Vino Farms engaged in any fraud or

11 misrepresentation with respect to you, as alleged in the Eighth Cause of Action of the SAC.

12         **RESPONSE TO INTERROGATORY NO. 21**

13         Plaintiff objects to this Interrogatory as discovery has not been completed in this matter, and

14 Plaintiff has not received all documents relevant to this matter and has not yet deposed all defendants

15 or their agents.  Furthermore, Plaintiff objects to this interrogatory insofar as it calls for a legal

16 conclusion.  Without waiving any objections, Plaintiff responds as follows:

17         Defendants, including Defendant Vino Farms, Inc., acted in concert during the recruitment

18 process, application for the H-2A certification, job contracts and establishment of working

19 conditions for Plaintiff and other H-2A workers. See Response to Interrogatory No. 7, above.

20 Defendants made representations to Plaintiff and other H-2A workers that they would have work

21 available for 40 hours per week for a period of six months, and would earn at least $100.00 per day

22 in that work. These representations were made at various worker recruitment meetings in Colima,

23 Mexico and appear on the H-2A application to the U.S. Department of Labor submitted by SGLC,

24 Inc. These representations were false as Plaintiff did not earn $100 per day during his work days,

25 and Plaintiff was not offered at least 40 hours of work per week for over half of the weeks he

26 worked. Additionally, Plaintiff was not offered any work at all for many days at a time, and was not

27 offered work for the entire six-month contract period. Defendants knew their representations were

28

1  false as at the time they made the representations, they did not have adequate work contracts to fulfill

2  these promises.  Plaintiff relied on Defendants' promises in coming to work in the United States.

3  **INTERROGATORY NO. 22**

4  State every fact that supports your contention that Vino Farms solicited you to work in California

5  through misrepresentation, as alleged in the Ninth Cause of Action of the SAC.

6            **RESPONSE TO INTERROGATORY NO. 22**

7            Plaintiff objects to this Interrogatory as discovery has not been completed in this matter, and

8  Plaintiff has not received all documents relevant to this matter and has not yet deposed all defendants

9  or their agents.  Furthermore, Plaintiff objects to this interrogatory insofar as it calls for a legal

10  conclusion.  Without waiving any objections, Plaintiff responds as follows:

11            See Plaintiff's response to Interrogatory Numbers 7 and 21.  Plaintiff was induced to come

12  to California to work under the H-2A program as a direct result of Defendants' misrepresentations.

13  **INTERROGATORY NO. 23**

14  State every fact that supports your contention that Vino Farms is liable to you for punitive damages.

15            **RESPONSE TO INTERROGATORY NO. 23**

16            Plaintiff objects to this Interrogatory as discovery has not been completed in this matter, and

17  Plaintiff has not received all documents relevant to this matter and has not yet deposed all defendants

18  or their agents.  Furthermore, Plaintiff objects to this interrogatory insofar as it calls for a legal

19  conclusion and violates the attorney-client privilege and the attorney work-product doctrine.

20  Without waiving any objections, Plaintiff responds as follows:

21            See responses to above Interrogatories.  Defendants' actions were reckless and reprehensible

22  in that they solicited Plaintiff and other H-2A workers, inducing them to leave their homes in

23  Colima, Mexico and travel to the United States under false pretenses that Defendants knew were

24  false.  Defendants knew that they did not have adequate contracts to give Plaintiffs and other H-2A

25  workers the amount of work they promised, and they knew they did not have adequate work or funds

26  to pay Plaintiffs the amounts promised at the time they made these promises.  Defendants acted in

27  reckless disregard of Plaintiff's and other workers' rights to be adequately informed of the terms and

28  conditions of their employment in advance of arriving in the U.S. Defendants also acted in reckless

1 | disregard of Plaintiff's and other workers' rights to be safely and adequately housed, to receive

2 | nutritious, adequate meals and to be properly paid and compensated for their work.

3

4

5 | DATED: April 4, 2011                    **CALIFORNIA RURAL LEGAL ASSISTANCE INC.**

6

7

8 | Blanca A. Bañuelos
Esmeralda Zendejas

9 | Cynthia Rice
Attorney for Plaintiffs Aguirre Batista, Arredondo

10 | Huerta, Aguilar, Blas Jimenez, Blas Martinez, Garcia
Castro, Garcia Michel, Lopez Ramos,   Lopez

11 | Rodriguez, Naranjo Campos, Pano Ruiz, Peña Ochoa,
Rodriguez Zepeda, Revolledo Godinez, Torres Elias,

12 | Ayala Gonzalez, Garcia Gutierrez, Rodriquez, Zuniga
Arias, Murillo Guerrero, Carillo Torres, Ceja Ruiz,

13 | Cruz Valverde, Montes Gaitan, Diaz Campo, Esparza
Ramirez, Martinez Marquez, Meza Sanchez, Robles

14 | Rodriquez, L.M. Torres Contreras, U. Torres
Contreras, Bailon Marquez, Ceja Ibarra, Sandoval

15 | Preciado, Cruz Barragan, Mares Contreras

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**VERIFICATION OF INTERROGATORY RESPONSES**

I, Hugo Santiago Arredondo Huerta, state:

I am a named Plaintiff in *Lopez Rodriguez, et al. v. SGLC*, Inc., et al., CASE NO. 2:08-CV-01971-MCE-KJM. I have been read the foregoing PLAINTIFF HUGO SANTIAGO ARREDONDO HUERTA'S RESPONSES TO DEFENDANT VINO FARMS, INC.'S INTERROGATORIES, SET ONE and know the contents thereof. The matters stated in the foregoing document are true and correct of my own knowledge, except as to those matters that are therein stated on information and belief, and concerning those matters, I believe them to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this Verification was executed on this _18_ day of April, 2011 in _Tracy, California_, Tracy, California.

_____
Hugo Santiago Arredondo Huerta

**DECLARATION OF TRANSLATION**

I, _____, declare that I am fluent in both the Spanish and English languages. On April _____, 2011, I read the foregoing document and orally translated it faithfully and accurately into Spanish in the presence of the declarant. After I completed translating the document, the declarant told me that (s)he understood my translation of the document and thereafter signed the document in my presence.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that I executed this declaration on April _____, 20111, at _____, Stockton, California.

_____

# EXHIBIT 13-b

1  Cynthia L. Rice (SBN 87630)
   CALIFORNIA RURAL LEGAL ASSISTANCE, INC.
2  631 Howard Street, Suite 300
   San Francisco, CA 94105
3  Telephone: (415) 777-2752
   Facsimile: (415) 543-2752
4
   Blanca Bañuelos (SBN 231585)
5  Esmeralda Zendejas (SBN 258809)
   CALIFORNIA RURAL LEGAL ASSISTANCE, INC.
6  145 E. Weber Avenue
   Stockton, CA 95202
7  Telephone: (209) 946-0605
   Facsimile: (209) 946-5730
8
   Attorneys for Plaintiffs Sergio Aguirre Batista, Hugo Santiago Arredondo Huerta, Daniel Becerra
9  Aguilar, Israel Blas Jimenez, Librado Blas Martinez, Ramiro Alejandro Garcia Castro, Enrique
   Garcia Michel, Jaime Lopez Ramos, Fray Marcelino Lopez Rodriguez, Luis Ramon Naranjo
10 Campos, Angel Pano Ruiz, Frisdman Peña Ochoa, Aldo Manuel Rodriguez Zepeda, Octavio
   Revolledo Godinez, Agustin Torres Elias, Tomas Ayala Gonzalez, Marco Cesar Garcia Gutierrez,
11 Jose Luis Rodriguez, Armando Zuniga Arias, Joel Murillo Guerrero, Oscar Manuel Carillo Torres,
   Christian Ceja Ruiz, Christian Cruz Valverde, Demetrio Montes Gaitan, Gibran Rigoberto Diaz
12 Campo, Leonel Esparza Ramirez, Benigno Martinez Marquez, Rene Meza Sanchez, Jesus Junior
   Robles Rodriguez, Luis Manuel Torres Contreras, Uriel Torres Contreras, Juan Alfonso Bailon
13 Marquez, Hugo Cesar Ceja Ibarra, Rigoberto Sandoval Preciado, Roberto Cruz Barragan, Obed
   Mares Contreras
14
   Julia L. Montgomery (SBN 184083)        Mark Talamantes (SBN 187961)
15 CALIFORNIA RURAL LEGAL               TALAMANTES/VILLEGAS/CARRERA, LLP
   ASSISTANCE FOUNDATION               170 Columbus Avenue, Suite 300
16 2210 K Street, Suite 201            San Francisco, CA 94133
   Sacramento, CA 95814                Telephone: (415) 989-8000
17 Telephone: (916) 446-7901           Facsimile: (415) 989-8028
   Facsimile: (916) 446-3057
18
   Attorneys for all Plaintiffs         Attorneys for all Plaintiffs
19
                    UNITED STATES DISTRICT COURT
20                FOR THE EASTERN DISTRICT OF CALIFORNIA

21 FRAY MARCELINO LOPEZ RODRIGUEZ,        CASE NO. 2:08-CV-01971-MCE-KJM
   et al.,
22                                         PLAINTIFF JUAN ALFONSO BAILON
                                           MARQUEZ'S RESPONSES TO
23              Plaintiffs,                 DEFENDANT VINO FARMS, INC.'S
                                           INTERROGATORIES, SET ONE
24 v.

25 SGLC INC., et al.,

26              Defendants.

27

28 ///

1  **INTERROGATORY NO. 7**

2  State every fact that supports your contention that Vino Farms "acted in concert with the SGLC

3  Defendants in applying for, and recruiting and hiring H-2A workers for admission and work under

4  the approved H-2A application" as alleged in paragraph 19 of the SAC.

5  **RESPONSE TO INTERROGATORY NO. 7**

6  Plaintiff objects to this Interrogatory as discovery has not been completed in this matter, and

7  Plaintiff has not received all documents relevant to this matter and has not yet deposed all defendants

8  or their agents. Furthermore, Plaintiff objects to this interrogatory insofar as it calls for a legal

9  conclusion. Without waiving any objections, Plaintiff responds as follows:

10  A representative or representatives from Vino Farms met several times in late 2007 and in

11  the first half of 2008 with Salvador Gonzalez, Julian Gonzalez and other grower representatives who

12  contracted with the SGLC defendants in 2008. At these meetings, among the topics they discussed

13  were how long it would take to bring workers to the U.S. under the H-2A program, how to house the

14  workers, whether workers from Colima had sufficient experience in agriculture, and whether this

15  initial recruitment of workers could open the door to growers bringing in more H-2A workers from

16  Colima in the future. A representative from Vino Farms participated in a vote along with the other

17  grower representatives at one of these meetings on whether or not to bring H-2A workers to the U.S.

18  through the SGLC Defendants, and the vote was in favor of applying for and recruiting H-2A

19  workers from Colima. A Vino Farms representative initially planned to accompany the SGLC

20  Defendants and other grower representatives at a worker recruitment meeting in Colima, Mexico,

21  but had to cancel the trip on short notice. The SGLC Defendants told officials from the Mexican

22  government in Colima that they could not decide whether to recruit H-2A workers from Colima

23  without the approval of the growers with whom they contracted.

24  **INTERROGATORY NO. 8**

25  State every fact that supports your contention that you were "jointly employed by the SGLC, Inc.

26  [sic] Defendants, JULIAN GONZALEZ and the [sic] VINO FARMS, INC." as alleged in paragraph

27  23 of the SAC.

28  ///

1   Furthermore, Plaintiff objects to this interrogatory insofar as it calls for a legal conclusion.  Without

2   waiving any objections, Plaintiff responds as follows:

3          Based on the information currently available to Plaintiff, Plaintiff claims $10,873.39 in

4   contract damages insofar as Defendants promised Plaintiff $100.00 per day of work during the

5   contract period.  This amount was calculated by multiplying the total work days Plaintiff was

6   promised he would work during the statutory period, times $100.00, minus actual amounts paid.

7   Alternatively, Plaintiff claims $3,455.15 as his contract with the Defendants guaranteed work during

8   at least ¾ of the total contract period. This amount was calculated by multiplying ¾ of the

9   guaranteed work days during the contract period (88.5) times $100 per day, minus the total gross

10  wages paid to Plaintiff.

11  **INTERROGATORY NO. 15**

12  State the amount of money you claim Vino Farms owes you for any failure to authorize and permit

13  meal periods under Wage Order 14, and explain in detail how you arrived at that amount.

14         **RESPONSE TO INTERROGATORY NO. 15**

15         Plaintiff objects to this Interrogatory as discovery has not been completed in this matter, and

16  Plaintiff has not received all documents relevant to this matter and has not yet deposed all defendants

17  or their agents.  Furthermore, Plaintiff objects to this interrogatory insofar as it calls for a legal

18  conclusion.  Without waiving any objections, Plaintiff responds as follows:

19         Based on the information currently available to Plaintiff, the amount of money for

20  Defendants' failure to provide meal periods under Wage Order 14 he is claiming as owed jointly by

21  all defendants is $429.00.  This amount was calculated by multiplying the number of meal periods

22  to which Plaintiff was entitled (for every 5 hours of work), by his hourly pay rate of $9.75.

23  **INTERROGATORY NO. 16**

24  State the amount of money you claim Vino Farms owes you for any failure to authorize and permit

25  rest periods under Wage Order 14, and explain in detail how you arrived at that amount.

26         **RESPONSE TO INTERROGATORY NO. 16**

27         Plaintiff objects to this Interrogatory as discovery has not been completed in this matter, and

28  Plaintiff has not received all documents relevant to this matter and has not yet deposed all defendants

1  or their agents.  Furthermore, Plaintiff objects to this interrogatory insofar as it calls for a legal

2  conclusion.  Without waiving any objections, Plaintiff responds as follows:

3            Based on the information currently available to Plaintiff, the amount of money for

4  Defendants' failure to authorize and permit rest periods under Wage Order 14 he is claiming as owed

5  jointly by all defendants is $526.50.  This amount was calculated by multiplying the total number

6  of rest periods to which Plaintiff was entitled and did not receive, by his hourly pay rate of $9.75.

7  **INTERROGATORY NO. 17**

8  State the amount of money you claim Vino Farms owes you for waiting time penalties under Labor

9  Code section 203, and explain in detail how you arrived at that amount.

10            **RESPONSE TO INTERROGATORY NO. 17**

11            Plaintiff objects to this Interrogatory as discovery has not been completed in this matter, and

12  Plaintiff has not received all documents relevant to this matter and has not yet deposed all defendants

13  or their agents.  Furthermore, Plaintiff objects to this interrogatory insofar as it calls for a legal

14  conclusion.  Without waiving any objections, Plaintiff responds as follows:

15            Plaintiff claims $3,000.00 in waiting time penalties, which was calculated by multiplying

16  $100.00 daily wage rate by 30 days.

17  **INTERROGATORY NO. 18**

18  State the amount of money you claim Vino Farms owed you but failed to pay at the time of the

19  termination of your alleged employment, and explain in detail how you arrived at that amount.

20            **RESPONSE TO INTERROGATORY NO. 18**

21            Plaintiff objects to this Interrogatory as discovery has not been completed in this matter, and

22  Plaintiff has not received all documents relevant to this matter and has not yet deposed all defendants

23  or their agents.  Furthermore, Plaintiff objects to this interrogatory insofar as it calls for a legal

24  conclusion.  Without waiving any objections, Plaintiff responds as follows:

25            Based on the information currently available to Plaintiff, the amount of money Plaintiff

26  claims all Defendants jointly owe him but failed to pay at the time of termination is approximately

27  $21,086.82.  This amount was arrived at by adding up the following amounts:

28            $116.00 - FLSA Liquidated damages (equal to federal minimum wage owed)

---

**RESPONSE TO INTERROGATORY NO. 20**

1         Plaintiff objects to this Interrogatory as discovery has not been completed in this matter, and

3 Plaintiff has not received all documents relevant to this matter and has not yet deposed all defendants

4 or their agents.  Furthermore, Plaintiff objects to this interrogatory insofar as it calls for a legal

5 conclusion.  Without waiving any objections, Plaintiff responds as follows:

6         Based on the information currently available to Plaintiff, the amount of money Plaintiff

7 claims all Defendants jointly owe him for violations of the Employee Housing Act at Camp 17 is

8 $7,050.00. This amount was calculated by multiplying $100.00 per day Plaintiff lived at Camp 17

9 from when he moved in until some violations were corrected at the end of August, 2008, plus $50

10 per day from September 1, 2008 until the date Plaintiff moved out, plus additional damages of

11 $50.00 per week he resided at Camp 17.

**INTERROGATORY NO. 21**

13 State every fact that supports your contention that Vino Farms engaged in any fraud or

14 misrepresentation with respect to you, as alleged in the Eighth Cause of Action of the SAC.

**RESPONSE TO INTERROGATORY NO. 21**

16         Plaintiff objects to this Interrogatory as discovery has not been completed in this matter, and

17 Plaintiff has not received all documents relevant to this matter and has not yet deposed all defendants

18 or their agents.  Furthermore, Plaintiff objects to this interrogatory insofar as it calls for a legal

19 conclusion.  Without waiving any objections, Plaintiff responds as follows:

20         Defendants, including Defendant Vino Farms, Inc., acted in concert during the recruitment

21 process, application for the H-2A certification, job contracts and establishment of working

22 conditions for Plaintiff and other H-2A workers. See Response to Interrogatory No. 7, above.

23 Defendants made representations to Plaintiff and other H-2A workers that they would have work

24 available for 40 hours per week for a period of six months, and would earn at least $100.00 per day

25 in that work. These representations were made at various worker recruitment meetings in Colima,

26 Mexico and appear on the H-2A application to the U.S. Department of Labor submitted by SGLC,

27 Inc. These representations were false as Plaintiff did not earn amounts of $100 per day on the days

28 he worked for the defendants, and Plaintiff was not offered at least 40 hours of work per week for

1  over half of the weeks he worked.  Additionally, Plaintiff was not offered any work at all for many

2  days at a time, and was not offered work for the entire six-month contract period.  Defendants knew

3  their representations were false as at the time they made the representations, they did not have

4  adequate work contracts to fulfill these promises.  Plaintiff relied on Defendants' promises in coming

5  to work in the United States.

6  **INTERROGATORY NO. 22**

7  State every fact that supports your contention that Vino Farms solicited you to work in California

8  through misrepresentation, as alleged in the Ninth Cause of Action of the SAC.

9       **RESPONSE TO INTERROGATORY NO. 22**

10       Plaintiff objects to this Interrogatory as discovery has not been completed in this matter, and

11  Plaintiff has not received all documents relevant to this matter and has not yet deposed all defendants

12  or their agents.  Furthermore, Plaintiff objects to this interrogatory insofar as it calls for a legal

13  conclusion.  Without waiving any objections, Plaintiff responds as follows:

14       See Plaintiff's response to Interrogatory Numbers 7 and 21.  Plaintiff was induced to come

15  to California to work under the H-2A program as a direct result of Defendants' misrepresentations.

16  **INTERROGATORY NO. 23**

17  State every fact that supports your contention that Vino Farms is liable to you for punitive damages.

18       **RESPONSE TO INTERROGATORY NO. 23**

19       Plaintiff objects to this Interrogatory as discovery has not been completed in this matter, and

20  Plaintiff has not received all documents relevant to this matter and has not yet deposed all defendants

21  or their agents.  Furthermore, Plaintiff objects to this interrogatory insofar as it calls for a legal

22  conclusion and violates the attorney-client privilege and the attorney work-product doctrine.

23  Without waiving any objections, Plaintiff responds as follows:

24       See responses to above Interrogatories. Defendants' actions were reckless and reprehensible

25  in that they solicited Plaintiff and other H-2A workers, inducing them to leave their homes in

26  Colima, Mexico and travel to the United States under false pretenses that Defendants knew were

27  false. Defendants knew that they did not have adequate contracts to give Plaintiffs and other H-2A

28  workers the amount of work they promised, and they knew they did not have adequate work or funds

1   to pay Plaintiffs the amounts promised at the time they made these promises. Defendants acted in

2   reckless disregard of Plaintiff's and other workers' rights to be adequately informed of the terms and

3   conditions of their employment in advance of arriving in the U.S. Defendants also acted in reckless

4   disregard of Plaintiff's and other workers' rights to be safely and adequately housed, to receive

5   nutritious, adequate meals and to be properly paid and compensated for their work.

6

7   DATED: April 4, 2011                    **CALIFORNIA RURAL LEGAL ASSISTANCE**
                                            **INC.**

8

9                                           *Esmeralda Zendejas*
                                            Blanca A. Bañuelos
10                                          Esmeralda Zendejas
                                            Cynthia Rice
11                                          Attorney for Plaintiffs Aguirre Batista, Arredondo
                                            Huerta, Aguilar, Blas Jimenez, Blas Martinez, Garcia
12                                          Castro, Garcia Michel, Lopez Ramos,  Lopez
                                            Rodriguez, Naranjo Campos, Pano Ruiz, Pe?a Ochoa,
13                                          Rodriguez Zepeda, Revolledo Godinez, Torres Elias,
                                            Ayala Gonzalez, Garcia Gutierrez, Rodriquez, Zuniga
14                                          Arias, Murillo Guerrero, Carillo Torres, Ceja Ruiz,
                                            Cruz Valverde, Montes Gaitan, Diaz Campo, Esparza
15                                          Ramirez, Martinez Marquez, Meza Sanchez, Robles
                                            Rodriquez, L.M. Torres Contreras, U. Torres
16                                          Contreras, Bailon Marquez, Ceja Ibarra, Sandoval
                                            Preciado, Cruz Barragan, Mares Contreras

17

18

19

20

21

22

23

24

25

26

27

28



# CALIFORNIA RURAL LEGAL ASSISTANCE, Inc.

**Stockton Office**
45 E. Weber Avenue
Stockton, CA 95202
(209) 946-0605 (telephone)
(209) 946-5730 (fax)

**Marcela M. Ruiz**
Regional Director - Attorney

**Cristina L. Burrows**
**Richard Oliver**
**Ioana Basulto Horning**
Staff Attorneys

**Cecilia Arredondo**
Community Worker

**Landlord - Tenant Clinic**
**Kristine L. Moore**
Attorney

**Monica Sousa**
Community Worker

**Migrant Unit**
**Blanca A. Bañuelos**
Regional Director of Advocacy - Attorney

**Esmeralda Zendejas**
Dairy Project - Staff Attorney

**Proyecto Poderoso**
**Daniel Torres**
Program Manager - Attorney

**Central Office**
631 Howard St., Suite 300
San Francisco, CA 94105
(415) 777-2752 (telephone)
(415) 543-2752 (fax)
www.crla.org

**José R. Padilla**
Executive Director

**Ralph Santiago Abascal**
General Counsel (1934-1997)

**William G. Hoerger**
**Ilene Jacobs**
**Michael L. Meuter**
**Cynthia Rice**
Directors of Litigation, Advocacy
& Training

**Regional Offices**

| | | |
|---|---|---|
| Arvin | Marysville | San Luis Obispo |
| Coachella | Modesto | Santa Barbara |
| Delano | Monterrey | Santa Cruz |
| El Centro | Oceanside | Santa Maria |
| Fresno | Oxnard | Santa Rosa |
| Gilroy | Paso Robles | Stockton |
| Madera | Salinas | Watsonville |

---

4 de noviembre de 2011

_**Por fax: 011-52-313-325-3993**_

Sr. Márquez:

Le envío los documentos de verificación (cuatro paginas en total). Por favor firma los documentos en la línea en blanco y ponga la fecha del día que firme en la línea chica.

Las formas dicen:

Yo, JUAN ALFONSO BAILON MARQUEZ, indica: Soy un Demandante denominado en López Rodríguez, y todos. V. SGLC, caso no. 2:08-CV-01971-MCE-KJM. He sido leído el documento [nombre de tal documento] y sé el contenido del mismo. Los asuntos indicados en el documento precedente son verdad y correcto de mi propio conocimiento, sino como a esos asuntos que en eso son indicados en la información y la creencia, y con respecto a esos asuntos, yo creo que ser verdad. Declaro bajo pena de perjurio bajo las leyes del Estado de California que el precedente es verdad y correcto y que esta Comprobación fue ejecutada en este día noviembre _____, 2011 en Tecoman, Colima, México.

**Cuando a firmado los documentos, por favor regresalos por fax al:**
- **011-209-946-5730**

**Después que los envía por fax, envía los documentos originales a:**

- **CRLA, 145 E. Weber Avenue, Stockton, CA 95202**

Si tenga cualquier pregunta, hablame al (209) 946-0605 ext. 304.

Muchas gracias,

_Esmeralda Zendejas_
Esmeralda Zendejas
Abogada de Trabajadores Migrantes

**LSC**

## VERIFICATION OF INTERROGATORIES RESPONSES

I, Juan Alfonso Bailon Marquez, state:

I am a named Plaintiff in *Lopez Rodriguez, et al. v. SGLC, Inc., et al.*, Case No.2:08-CV-01971-MCE-KJM. The foregoing document titled, Plaintiff JUAN ALFONSO BAILON MARQUEZ RESPONSES TO DEFENDANT VINO FARMS, INC.'S INTERROGATORIES, SET ONE was read to me in Spanish and I know the contents thereof. The matters stated in the foregoing document are true and correct of my own knowledge, except as to those matters that are therein stated on information and believe, and concerning those matters, I believe them to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this Verification was executed on November ____, 2011 at Tecoman, Colima, Mexico

*JUAN ALFONSO BAILON*

Juan Alfonso Bailon Marquez

# EXHIBIT 13-c

1  Cynthia L. Rice (SBN 87630)
   CALIFORNIA RURAL LEGAL ASSISTANCE, INC.
2  631 Howard Street, Suite 300
   San Francisco, CA 94105
3  Telephone: (415) 777-2752
   Facsimile: (415) 543-2752

4

5  Blanca Bañuelos (SBN 231585)
   Esmeralda Zendejas (SBN 258809)
6  CALIFORNIA RURAL LEGAL ASSISTANCE, INC.
   145 E. Weber Avenue
7  Stockton, CA 95202
   Telephone: (209) 946-0605
8  Facsimile: (209) 946-5730

9  Attorneys for Plaintiffs Sergio Aguirre Batista, Hugo Santiago Arredondo Huerta, Daniel Becerra
   Aguilar, Israel Blas Jimenez, Librado Blas Martinez, Ramiro Alejandro Garcia Castro, Enrique
10 Garcia Michel, Jaime Lopez Ramos, Fray Marcelino Lopez Rodriguez, Luis Ramon Naranjo
   Campos, Angel Pano Ruiz, Frisdman Peña Ochoa, Aldo Manuel Rodriguez Zepeda, Octavio
11 Revolledo Godinez, Agustin Torres Elias, Tomas Ayala Gonzalez, Marco Cesar Garcia Gutierrez,
   Jose Luis Rodriguez, Armando Zuniga Arias, Joel Murillo Guerrero, Oscar Manuel Carillo Torres,
12 Christian Ceja Ruiz, Christian Cruz Valverde, Demetrio Montes Gaitan, Gibran Rigoberto Diaz
   Campo, Leonel Esparza Ramirez, Benigno Martinez Marquez, Rene Meza Sanchez, Jesus Junior
13 Robles Rodriguez, Luis Manuel Torres Contreras, Uriel Torres Contreras, Juan Alfonso Bailon
   Marquez, Hugo Cesar Ceja Ibarra, Rigoberto Sandoval Preciado, Roberto Cruz Barragan, Obed
14 Mares Contreras

15 Julia L. Montgomery (SBN 184083)          Mark Talamantes (SBN 187961)
   CALIFORNIA RURAL LEGAL                    TALAMANTES/VILLEGAS/CARRERA, LLP
16 ASSISTANCE FOUNDATION                     170 Columbus Avenue, Suite 300
   2210 K Street, Suite 201                  San Francisco, CA 94133
17 Sacramento, CA 95814                      Telephone: (415) 989-8000
   Telephone: (916) 446-7901                 Facsimile: (415) 989-8028
18 Facsimile: (916) 446-3057

19 Attorneys for all Plaintiffs             Attorneys for all Plaintiffs

20                 UNITED STATES DISTRICT COURT
              FOR THE EASTERN DISTRICT OF CALIFORNIA

21 FRAY MARCELINO LOPEZ RODRIGUEZ,     CASE NO. 2:08-CV-01971-MCE-KJM
   et al.,
22                                      PLAINTIFF ANGEL PANO RUIZ
                    Plaintiffs,         RESPONSES TO DEFENDANT VINO
23                                      FARMS, INC.'S INTERROGATORIES, SET
   v.                                   ONE
24
   SGLC INC., et al.,
25
                    Defendants.
26

27

28 ///

**RESPONSE TO INTERROGATORY NO. 4**

1

2      Plaintiff's last day of work for SGLC, Inc. was on or about December 31, 2008.  Plaintiff

3   does not know the exact date that his employment under the H-2A program was terminated.

4   **INTERROGATORY NO. 5**

5   State the beginning and ending dates of your alleged employment by Vino Farms.

6      **RESPONSE TO INTERROGATORY NO. 5**

7      Plaintiff objects to this interrogatory insofar as it calls for a legal conclusion.   Without

8   waiving this objection, Plaintiff responds as follows:

9      Plaintiff's first day of work for the Defendants was on or about July 21, 2008, and his last

10  day of work was on or about December 31, 2008.  Plaintiff does not know the exact dates when his

11  employment began and ended.

12  **INTERROGATORY NO. 6**

13  State the dates you claim you were housed at Camp 17.

14     **RESPONSE TO INTERROGATORY NO. 6**

15     Plaintiff was housed at Camp 17 between the approximate dates of July 21, 2008 through

16  November 16, 2008.

17  **INTERROGATORY NO. 7**

18  State every fact that supports your contention that Vino Farms "acted in concert with the SGLC

19  Defendants in applying for, and recruiting and hiring H-2A workers for admission and work under

20  the approved H-2A application" as alleged in paragraph 19 of the SAC.

21     **RESPONSE TO INTERROGATORY NO. 7**

22     Plaintiff objects to this Interrogatory as discovery has not been completed in this matter, and

23  Plaintiff has not received all documents relevant to this matter and has not yet deposed all defendants

24  or their agents.  Furthermore, Plaintiff objects to this interrogatory insofar as it calls for a legal

25  conclusion.  Without waiving any objections, Plaintiff responds as follows:

26     A representative or representatives from Vino Farms met several times in late 2007 and in

27  the first half of 2008 with Salvador Gonzalez, Julian Gonzalez and other grower representatives who

28  contracted with the SGLC defendants in 2008.  At these meetings, among the topics they discussed

1 were how long it would take to bring workers to the U.S. under the H-2A program, how to house the

2 workers, whether workers from Colima had sufficient experience in agriculture, and whether this

3 initial recruitment of workers could open the door to growers bringing in more H-2A workers from

4 Colima in the future. A representative from Vino Farms participated in a vote along with the other

5 grower representatives at one of these meetings on whether or not to bring H-2A workers to the U.S.

6 through the SGLC Defendants, and the vote was in favor of applying for and recruiting H-2A

7 workers from Colima. A Vino Farms representative initially planned to accompany the SGLC

8 Defendants and other grower representatives at a worker recruitment meeting in Colima, Mexico,

9 but had to cancel the trip on short notice. The SGLC Defendants told officials from the Mexican

10 government in Colima that they could not decide whether to recruit H-2A workers from Colima

11 without the approval of the growers with whom they contracted.

12 **INTERROGATORY NO. 8**

13 State every fact that supports your contention that you were "jointly employed by the SGLC, Inc.

14 [sic] Defendants, JULIAN GONZALEZ and the [sic] VINO FARMS, INC." as alleged in paragraph

15 23 of the SAC.

16        **RESPONSE TO INTERROGATORY NO. 8**

17        Plaintiff objects to this Interrogatory as discovery has not been completed in this matter, and

18 Plaintiff has not received all documents relevant to this matter and has not yet deposed all defendants

19 or their agents. Furthermore, Plaintiff objects to this interrogatory insofar as it calls for a legal

20 conclusion. Without waiving any objections, Plaintiff responds as follows:

21        Defendants SGLC, Inc., Julian Gonzalez and Vino Farms, Inc. acted in concert to recruit, hire

22 and supervise the work of Plaintiff and other H-2A workers. See response to Interrogatory No. 7

23 above. During his employment, Plaintiff worked on land owned or controlled by Defendant Vino

24 Farms, Inc., at hours that were determined by Defendant Vino Farms, Inc., employees, and these

25 same Vino Farms, Inc. employees controlled the days work was offered, whether workers were paid

26 by piece rate or hourly, the actual piece rate paid, the beginning and ending times of work, and on

27 a daily basis a Vino Farms, Inc. employee/representative approved the number of hours for which

28 ///

1   Based on the information currently available to Plaintiff, the amount of state overtime wages

2   he is claiming as owed jointly by all defendants is $321.20.  This amount was arrived at by adding

3   up the overtime hours Plaintiff worked for which he was not compensated, namely, unpaid travel and

4   waiting time of 2.5 hours per day.  When the 2.5 hours were added to total hours worked in a day

5   and those hours exceeded 10 hours in a day, those hours were then multiplied by 1 ½ of Plaintiff's

6   hourly pay rate of $9.73 per hour. Plaintiff worked 22 uncompensated overtime hours, according to

7   records received from the SGLC Defendants.

8   **INTERROGATORY NO. 14**

9   State the amount of money you claim Vino Farms owes you for unpaid contract wages, and explain

10  in detail how you arrived at that amount.

11  **RESPONSE TO INTERROGATORY NO. 14**

12   Plaintiff objects to the term "contract wages" as vague and ambiguous.  Plaintiff further

13  objects to this Interrogatory as discovery has not been completed in this matter, and Plaintiff has not

14  received all documents relevant to this matter and has not yet deposed all defendants or their agents.

15  Furthermore, Plaintiff objects to this interrogatory insofar as it calls for a legal conclusion.  Without

16  waiving any objections, Plaintiff responds as follows:

17   Based on the information currently available to Plaintiff, Plaintiff claims $5,909.88 in

18  contract damages insofar as Defendants promised Plaintiff $100.00 per day of work during the

19  contract period.  This amount was calculated by multiplying the total work days Plaintiff was

20  promised he would work during the statutory period, times $100.00, minus actual amounts paid.

21  Alternatively, Plaintiff claims $791.64 as his contract with the Defendants guaranteed work during

22  at least ¾ of the total contract period. This amount was calculated by multiplying ¾ of the

23  guaranteed work days during the contract period (88.5) times $100 per day, minus the total gross

24  wages paid to Plaintiff.

25  **INTERROGATORY NO. 15**

26  State the amount of money you claim Vino Farms owes you for any failure to authorize and permit

27  meal periods under Wage Order 14, and explain in detail how you arrived at that amount.

28  ///

1   **RESPONSE TO INTERROGATORY NO. 15**

2       Plaintiff objects to this Interrogatory as discovery has not been completed in this matter, and

3   Plaintiff has not received all documents relevant to this matter and has not yet deposed all defendants

4   or their agents.  Furthermore, Plaintiff objects to this interrogatory insofar as it calls for a legal

5   conclusion.  Without waiving any objections, Plaintiff responds as follows:

6       Based on the information currently available to Plaintiff, the amount of money for

7   Defendants' failure to provide meal periods under Wage Order 14 he is claiming as owed jointly by

8   all defendants is $ 934.08.  This amount was calculated by multiplying the number of meal periods

9   to which Plaintiff was entitled (for every 5 hours of work), by his hourly pay rate of $9.73.

10   **INTERROGATORY NO. 16**

11   State the amount of money you claim Vino Farms owes you for any failure to authorize and permit

12   rest periods under Wage Order 14, and explain in detail how you arrived at that amount.

13       **RESPONSE TO INTERROGATORY NO. 16**

14       Plaintiff objects to this Interrogatory as discovery has not been completed in this matter, and

15   Plaintiff has not received all documents relevant to this matter and has not yet deposed all defendants

16   or their agents.  Furthermore, Plaintiff objects to this interrogatory insofar as it calls for a legal

17   conclusion.  Without waiving any objections, Plaintiff responds as follows:

18       Based on the information currently available to Plaintiff, the amount of money for

19   Defendants' failure to authorize and permit rest periods under Wage Order 14 he is claiming as owed

20   jointly by all defendants is $ 914.62.  This amount was calculated by multiplying the total number

21   of rest periods to which Plaintiff was entitled and did not receive, by his hourly pay rate of $9.73.

22   **INTERROGATORY NO. 17**

23   State the amount of money you claim Vino Farms owes you for waiting time penalties under Labor

24   Code section 203, and explain in detail how you arrived at that amount.

25       **RESPONSE TO INTERROGATORY NO. 17**

26       Plaintiff objects to this Interrogatory as discovery has not been completed in this matter, and

27   Plaintiff has not received all documents relevant to this matter and has not yet deposed all defendants

28   ///

1   per day from September 1, 2008 until the date Plaintiff moved out, plus additional damages of

2   $50.00 per week he resided at Camp 17.

3   **INTERROGATORY NO. 21**

4   State every fact that supports your contention that Vino Farms engaged in any fraud or

5   misrepresentation with respect to you, as alleged in the Eighth Cause of Action of the SAC.

6       **RESPONSE TO INTERROGATORY NO. 21**

7       Plaintiff objects to this Interrogatory as discovery has not been completed in this matter, and

8   Plaintiff has not received all documents relevant to this matter and has not yet deposed all defendants

9   or their agents.  Furthermore, Plaintiff objects to this interrogatory insofar as it calls for a legal

10   conclusion.  Without waiving any objections, Plaintiff responds as follows:

11       Defendants, including Defendant Vino Farms, Inc., acted in concert during the recruitment

12   process, application for the H-2A certification, job contracts and establishment of working

13   conditions for Plaintiff and other H-2A workers. See Response to Interrogatory No. 7, above.

14   Defendants made representations to Plaintiff and other H-2A workers that they would have work

15   available for 40 hours per week for a period of six months, and would earn at least $100.00 per day

16   in that work.  These representations were made at various worker recruitment meetings in Colima,

17   Mexico and appear on the H-2A application to the U.S. Department of Labor submitted by SGLC,

18   Inc.  These representations were false as Plaintiff was never paid amounts of $100 per day for any

19   of the 96 days he worked for the defendants; and Plaintiff was not offered at least 40 hours of work

20   per week for a majority of the weeks he worked.  Additionally, Plaintiff was not offered any work

21   at all for many days at a time, and was not offered work for the entire six-month contract period.

22   Defendants knew their representations were false as at the time they made the representations, they

23   did not have adequate work contracts to fulfill these promises.  Plaintiff relied on Defendants'

24   promises in coming to work in the United States.

25   **INTERROGATORY NO. 22**

26   State every fact that supports your contention that Vino Farms solicited you to work in California

27   through misrepresentation, as alleged in the Ninth Cause of Action of the SAC.

28   ///

1    **RESPONSE TO INTERROGATORY NO. 22**

2         Plaintiff objects to this Interrogatory as discovery has not been completed in this matter, and

3    Plaintiff has not received all documents relevant to this matter and has not yet deposed all defendants

4    or their agents.   Furthermore, Plaintiff objects to this interrogatory insofar as it calls for a legal

5    conclusion.  Without waiving any objections, Plaintiff responds as follows:

6         See Plaintiff's response to Interrogatory Numbers 7 and 21.  Plaintiff was induced to come

7    to California to work under the H-2A program as a direct result of Defendants' misrepresentations.

8    **INTERROGATORY NO. 23**

9    State every fact that supports your contention that Vino Farms is liable to you for punitive damages.

10    **RESPONSE TO INTERROGATORY NO. 23**

11         Plaintiff objects to this Interrogatory as discovery has not been completed in this matter, and

12    Plaintiff has not received all documents relevant to this matter and has not yet deposed all defendants

13    or their agents.   Furthermore, Plaintiff objects to this interrogatory insofar as it calls for a legal

14    conclusion and violates the attorney-client privilege and the attorney work-product doctrine.

15    Without waiving any objections, Plaintiff responds as follows:

16    ///

17    ///

18    ///

19    ///

20    ///

21    ///

22    ///

23    ///

24    ///

25    ///

26    ///

27    ///

28    ///

1      See responses to above Interrogatories. Defendants' actions were reckless and reprehensible

2   in that they solicited Plaintiff and other H-2A workers, inducing them to leave their homes in

3   Colima, Mexico and travel to the United States under false pretenses that Defendants knew were

4   false. Defendants knew that they did not have adequate contracts to give Plaintiffs and other H-2A

5   workers the amount of work they promised, and they knew they did not have adequate work or funds

6   to pay Plaintiffs the amounts promised at the time they made these promises. Defendants acted in

7   reckless disregard of Plaintiff's and other workers' rights to be adequately informed of the terms and

8   conditions of their employment in advance of arriving in the U.S. Defendants also acted in reckless

9   disregard of Plaintiff's and other workers' rights to be safely and adequately housed, to receive

10   nutritious, adequate meals and to be properly paid and compensated for their work.

11

12   DATED: April 4, 2011                   **CALIFORNIA RURAL LEGAL ASSISTANCE**
                                            **INC.**
13

14

15                                         Blanca Bañuelos
                                           Cynthia Rice
16                                         Esmeralda Zendejas
                                           Attorney for Plaintiffs Aguirre Batista, Arredondo
17                                         Huerta, Aguilar, Blas Jimenez, Blas Martinez, Garcia
                                           Castro, Garcia Michel, Lopez Ramos, Lopez
18                                         Rodriguez, Naranjo Campos, Pano Ruiz, Pe?a Ochoa,
                                           Rodriguez Zepeda, Revolledo Godinez, Torres Elias,
19                                         Ayala Gonzalez, Garcia Gutierrez, Rodriquez, Zuniga
                                           Arias, Murillo Guerrero, Carillo Torres, Ceja Ruiz,
20                                         Cruz Valverde, Montes Gaitan, Diaz Campo, Esparza
                                           Ramirez, Martinez Marquez, Meza Sanchez, Robles
21                                         Rodriquez, L.M. Torres Contreras, U. Torres
                                           Contreras, Bailon Marquez, Ceja Ibarra, Sandoval
22                                         Preciado, Cruz Barragan, Mares Contreras

23

24

25

26

27

28

**VERIFICATION OF RESPONSES TO INTERROGATORIES, SET ONE**

I, _Angel Pano Ruiz_ , state:

I am a named Plaintiff in *Lopez Rodriguez, et al. v. SGLC, Inc., et al.*, Case No. 2:08-CV-01971-MCE-KJM.      The      foregoing      document      titled,      PLAINTIFF

_Angel Pano Ruiz_ 's RESPONSES TO DEFENDANT VINO FARMS, INC.'S INTERROGATORIES, SET ONE was read to me in Spanish and I know the contents thereof. The matters stated in the foregoing document are true and correct of my own knowledge, except as to those matters that are therein stated on information and believe, and concerning those matters, I believe them to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this Verification was executed on April _18_ , 2011 at _Tecoman_ , Colima, Mexico.

_Angel Pano Ruiz_

# EXHIBIT 13-d

1   Cynthia L. Rice (SBN 87630)
    CALIFORNIA RURAL LEGAL ASSISTANCE, INC.
2   631 Howard Street, Suite 300
    San Francisco, CA 94105
3   Telephone: (415) 777-2752
    Facsimile: (415) 543-2752
4
5   Blanca Bañuelos (SBN 231585)
    Esmeralda Zendejas (SBN 258809)
    CALIFORNIA RURAL LEGAL ASSISTANCE, INC.
6   145 E. Weber Avenue
    Stockton, CA 95202
7   Telephone: (209) 946-0605
    Facsimile: (209) 946-5730
8
9   Attorneys for Plaintiffs Sergio Aguirre Batista, Hugo Santiago Arredondo Huerta, Daniel Becerra
    Aguilar, Israel Blas Jimenez, Librado Blas Martinez, Ramiro Alejandro Garcia Castro, Enrique
    Garcia Michel, Jaime Lopez Ramos, Fray Marcelino Lopez Rodriguez, Luis Ramon Naranjo
10  Campos, Angel Pano Ruiz, Frisdman Peña Ochoa, Aldo Manuel Rodriguez Zepeda, Octavio
    Revolledo Godinez, Agustin Torres Elias, Tomas Ayala Gonzalez, Marco Cesar Garcia Gutierrez,
11  Jose Luis Rodriguez, Armando Zuniga Arias, Joel Murillo Guerrero, Oscar Manuel Carillo Torres,
    Christian Ceja Ruiz, Christian Cruz Valverde, Demetrio Montes Gaitan, Gibran Rigoberto Diaz
12  Campo, Leonel Esparza Ramirez, Benigno Martinez Marquez, Rene Meza Sanchez, Jesus Junior
    Robles Rodriguez, Luis Manuel Torres Contreras, Uriel Torres Contreras, Juan Alfonso Bailon
13  Marquez, Hugo Cesar Ceja Ibarra, Rigoberto Sandoval Preciado, Roberto Cruz Barragan, Obed
    Mares Contreras
14
15  Julia L. Montgomery (SBN 184083)              Mark Talamantes (SBN 187961)
    CALIFORNIA RURAL LEGAL                        TALAMANTES/VILLEGAS/CARRERA, LLP
    ASSISTANCE FOUNDATION                         170 Columbus Avenue, Suite 300
16  2210 K Street, Suite 201                      San Francisco, CA 94133
    Sacramento, CA 95814                          Telephone: (415) 989-8000
17  Telephone: (916) 446-7901                     Facsimile: (415) 989-8028
    Facsimile: (916) 446-3057
18
    Attorneys for all Plaintiffs                  Attorneys for all Plaintiffs
19

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| 21  FRAY MARCELINO LOPEZ RODRIGUEZ, et al., | CASE NO. **2:08-CV-01971-MCE-KJM** |
| 22 | |
| 23              Plaintiffs, | **PLAINTIFF ISRAEL BLAS JIMENEZ'S RESPONSES TO DEFENDANT VINO FARMS, INC.'S INTERROGATORIES, SET ONE** |
| 24  v. | |
| 25  SGLC INC., et al., | |
| 26              Defendants. | |

27

28  ///

1    **RESPONSE TO INTERROGATORY NO. 6**

2        Plaintiff was housed at Camp 17 between the approximate dates of July 20, 2008 through

3    November 6, 2008.

4    **INTERROGATORY NO. 7**

5    State every fact that supports your contention that Vino Farms "acted in concert with the SGLC

6    Defendants in applying for, and recruiting and hiring H-2A workers for admission and work under

7    the approved H-2A application" as alleged in paragraph 19 of the SAC.

8    **RESPONSE TO INTERROGATORY NO. 7**

9        Plaintiff objects to this Interrogatory as discovery has not been completed in this matter, and

10   Plaintiff has not received all documents relevant to this matter and has not yet deposed all defendants

11   or their agents.  Furthermore, Plaintiff objects to this interrogatory insofar as it calls for a legal

12   conclusion.  Without waiving any objections, Plaintiff responds as follows:

13       A representative or representatives from Vino Farms met several times in late 2007 and in

14   the first half of 2008 with Salvador Gonzalez, Julian Gonzalez and other grower representatives who

15   contracted with the SGLC defendants in 2008.  At these meetings, among the topics they discussed

16   were how long it would take to bring workers to the U.S. under the H-2A program, how to house the

17   workers, whether workers from Colima had sufficient experience in agriculture, and whether this

18   initial recruitment of workers could open the door to growers bringing in more H-2A workers from

19   Colima in the future.  A representative from Vino Farms participated in a vote along with the other

20   grower representatives at one of these meetings on whether or not to bring H-2A workers to the U.S.

21   through the SGLC Defendants, and the vote was in favor of applying for and recruiting H-2A

22   workers from Colima.  A Vino Farms representative initially planned to accompany the SGLC

23   Defendants and other grower representatives at a worker recruitment meeting in Colima, Mexico,

24   but had to cancel the trip on short notice.  The SGLC Defendants told officials from the Mexican

25   government in Colima that they could not decide whether to recruit H-2A workers from Colima

26   without the approval of the growers with whom they contracted.

27   ///

28   ///

**RESPONSE TO INTERROGATORY NO. 14**

Plaintiff objects to the term "contract wages" as vague and ambiguous. Plaintiff further objects to this Interrogatory as discovery has not been completed in this matter, and Plaintiff has not received all documents relevant to this matter and has not yet deposed all defendants or their agents. Furthermore, Plaintiff objects to this interrogatory insofar as it calls for a legal conclusion. Without waiving any objections, Plaintiff responds as follows:

Based on the information currently available to Plaintiff, Plaintiff claims $10,019.01 in contract damages insofar as Defendants promised Plaintiff $100.00 per day of work during the contract period. This amount was calculated by multiplying the total work days Plaintiff was promised he would work during the statutory period, times $100.00, minus actual amounts paid. Alternatively, Plaintiff claims $2,600.77 as his contract with the Defendants guaranteed work during at least ¾ of the total contract period. This amount was calculated by multiplying ¾ of the guaranteed work days during the contract period (88.5) times $100 per day, minus the total gross wages paid to Plaintiff.

**INTERROGATORY NO. 15**

State the amount of money you claim Vino Farms owes you for any failure to authorize and permit meal periods under Wage Order 14, and explain in detail how you arrived at that amount.

**RESPONSE TO INTERROGATORY NO. 15**

Plaintiff objects to this Interrogatory as discovery has not been completed in this matter, and Plaintiff has not received all documents relevant to this matter and has not yet deposed all defendants or their agents. Furthermore, Plaintiff objects to this interrogatory insofar as it calls for a legal conclusion. Without waiving any objections, Plaintiff responds as follows:

Based on the information currently available to Plaintiff, the amount of money for Defendants' failure to provide meal periods under Wage Order 14 he is claiming as owed jointly by all defendants is $612.99. This amount was calculated by multiplying the number of meal periods to which Plaintiff was entitled (for every 5 hours of work), by his hourly pay rate of $9.73.

///

///

**INTERROGATORY NO. 16**

State the amount of money you claim Vino Farms owes you for any failure to authorize and permit rest periods under Wage Order 14, and explain in detail how you arrived at that amount.

     **RESPONSE TO INTERROGATORY NO. 16**

     Plaintiff objects to this Interrogatory as discovery has not been completed in this matter, and Plaintiff has not received all documents relevant to this matter and has not yet deposed all defendants or their agents.  Furthermore, Plaintiff objects to this interrogatory insofar as it calls for a legal conclusion.  Without waiving any objections, Plaintiff responds as follows:

     Based on the information currently available to Plaintiff, the amount of money for Defendants' failure to authorize and permit rest periods under Wage Order 14 he is claiming as owed jointly by all defendants is $612.99.  This amount was calculated by multiplying the total number of rest periods to which Plaintiff was entitled and did not receive, by his hourly pay rate of $9.73.

**INTERROGATORY NO. 17**

State the amount of money you claim Vino Farms owes you for waiting time penalties under Labor Code section 203, and explain in detail how you arrived at that amount.

     **RESPONSE TO INTERROGATORY NO. 17**

     Plaintiff objects to this Interrogatory as discovery has not been completed in this matter, and Plaintiff has not received all documents relevant to this matter and has not yet deposed all defendants or their agents.  Furthermore, Plaintiff objects to this interrogatory insofar as it calls for a legal conclusion.  Without waiving any objections, Plaintiff responds as follows:

     Plaintiff claims $3,000.00 in waiting time penalties, which was calculated by multiplying $100.00 daily wage rate by 30 days.

**INTERROGATORY NO. 18**

State the amount of money you claim Vino Farms owed you but failed to pay at the time of the termination of your alleged employment, and explain in detail how you arrived at that amount.

     **RESPONSE TO INTERROGATORY NO. 18**

     Plaintiff objects to this Interrogatory as discovery has not been completed in this matter, and Plaintiff has not received all documents relevant to this matter and has not yet deposed all defendants

1  stored, screen doors not operable, sewer drain opening, fire extinguishers not operable. As a result

2  of living in these conditions, Plaintiff experienced significant discomfort, lack of sleep and feelings

3  of stress and humiliation.  Plaintiff felt terrible due to the living conditions.

4  **INTERROGATORY NO. 20**

5  State the amount of money you claim Vino Farms owes you for any alleged violation of the

6  Employee Housing Act at Camp 17, and explain in detail how you arrived at that amount.

7  **RESPONSE TO INTERROGATORY NO. 20**

8  Plaintiff objects to this Interrogatory as discovery has not been completed in this matter, and

9  Plaintiff has not received all documents relevant to this matter and has not yet deposed all defendants

10  or their agents.  Furthermore, Plaintiff objects to this interrogatory insofar as it calls for a legal

11  conclusion.  Without waiving any objections, Plaintiff responds as follows:

12  Based on the information currently available to Plaintiff, the amount of money Plaintiff

13  claims all Defendants jointly owe him for violations of the Employee Housing Act at Camp 17 is

14  $8,450.00. This amount was calculated by multiplying $100.00 per day Plaintiff lived at Camp 17

15  from when he moved in until some violations were corrected at the end of August, 2008, plus $50

16  per day from September 1, 2008 until the date Plaintiff moved out, plus additional damages of

17  $50.00 per week he resided at Camp 17.

18  **INTERROGATORY NO. 21**

19  State every fact that supports your contention that Vino Farms engaged in any fraud or

20  misrepresentation with respect to you, as alleged in the Eighth Cause of Action of the SAC.

21  **RESPONSE TO INTERROGATORY NO. 21**

22  Plaintiff objects to this Interrogatory as discovery has not been completed in this matter, and

23  Plaintiff has not received all documents relevant to this matter and has not yet deposed all defendants

24  or their agents.  Furthermore, Plaintiff objects to this interrogatory insofar as it calls for a legal

25  conclusion.  Without waiving any objections, Plaintiff responds as follows:

26  Defendants, including Defendant Vino Farms, Inc., acted in concert during the recruitment

27  process, application for the H-2A certification, job contracts and establishment of working

28  conditions for Plaintiff and other H-2A workers. See Response to Interrogatory No. 7, above,

1   Defendants made representations to Plaintiff and other H-2A workers that they would have work

2   available for 40 hours per week for a period of six months, and would earn at least $100.00 per day

3   in that work. These representations were made at various worker recruitment meetings in Colima,

4   Mexico and appear on the H-2A application to the U.S. Department of Labor submitted by SGLC,

5   Inc. These representations were false as Plaintiff did not earn $100 per day during his work days,

6   and Plaintiff was not offered at least 40 hours of work per week for over half of the weeks he

7   worked. Additionally, Plaintiff was not offered any work at all for many days at a time, and was not

8   offered work for the entire six-month contract period. Defendants knew their representations were

9   false as at the time they made the representations, they did not have adequate work contracts to fulfill

10  these promises. Plaintiff relied on Defendants' promises in coming to work in the United States.

11  **INTERROGATORY NO. 22**

12  State every fact that supports your contention that Vino Farms solicited you to work in California

13  through misrepresentation, as alleged in the Ninth Cause of Action of the SAC.

14      **RESPONSE TO INTERROGATORY NO. 22**

15      Plaintiff objects to this Interrogatory as discovery has not been completed in this matter, and

16  Plaintiff has not received all documents relevant to this matter and has not yet deposed all defendants

17  or their agents. Furthermore, Plaintiff objects to this interrogatory insofar as it calls for a legal

18  conclusion. Without waiving any objections, Plaintiff responds as follows:

19      See Plaintiff's response to Interrogatory Numbers 7 and 21. Plaintiff was induced to come

20  to California to work under the H-2A program as a direct result of Defendants' misrepresentations.

21  **INTERROGATORY NO. 23**

22  State every fact that supports your contention that Vino Farms is liable to you for punitive damages.

23      **RESPONSE TO INTERROGATORY NO. 23**

24      Plaintiff objects to this Interrogatory as discovery has not been completed in this matter, and

25  Plaintiff has not received all documents relevant to this matter and has not yet deposed all defendants

26  or their agents. Furthermore, Plaintiff objects to this interrogatory insofar as it calls for a legal

27  conclusion and violates the attorney-client privilege and the attorney work-product doctrine.

28  Without waiving any objections, Plaintiff responds as follows:

1     See responses to above Interrogatories. Defendants' actions were reckless and reprehensible

2  in that they solicited Plaintiff and other H-2A workers, inducing them to leave their homes in

3  Colima, Mexico and travel to the United States under false pretenses that Defendants knew were

4  false. Defendants knew that they did not have adequate contracts to give Plaintiffs and other H-2A

5  workers the amount of work they promised, and they knew they did not have adequate work or funds

6  to pay Plaintiffs the amounts promised at the time they made these promises.  Defendants acted in

7  reckless disregard of Plaintiff's and other workers' rights to be adequately informed of the terms and

8  conditions of their employment in advance of arriving in the U.S. Defendants also acted in reckless

9  disregard of Plaintiff's and other workers' rights to be safely and adequately housed, to receive

10  nutritious, adequate meals and to be properly paid and compensated for their work.

11

12

13  DATED: April 4, 2011                          **CALIFORNIA RURAL LEGAL ASSISTANCE INC.**

14

15             *Esmeralda Zendejas*

16  Blanca A. Bañuelos
     Esmeralda Zendejas

17  Cynthia Rice
     Attorney for Plaintiffs Aguirre Batista, Arredondo

18  Huerta, Aguilar, Blas Jimenez, Blas Martinez, Garcia
     Castro, Garcia Michel, Lopez Ramos,   Lopez

19  Rodriguez, Naranjo Campos, Pano Ruiz, Peña Ochoa,
     Rodriguez Zepeda, Revolledo Godinez, Torres Elias,

20  Ayala Gonzalez, Garcia Gutierrez, Rodriquez, Zuniga
     Arias, Murillo Guerrero, Carillo Torres, Ceja Ruiz,

21  Cruz Valverde, Montes Gaitan, Diaz Campo, Esparza
     Ramirez, Martinez Marquez, Meza Sanchez, Robles

22  Rodriquez, L.M. Torres Contreras, U. Torres
     Contreras, Bailon Marquez, Ceja Ibarra, Sandoval

23  Preciado, Cruz Barragan, Mares Contreras

24

25

26

27

28

**VERIFICATION OF INTERROGATORY RESPONSES**

I, Israel Blas Jimenez, state:

I am a named Plaintiff in *Lopez Rodriguez, et al. v. SGLC*, Inc., et al., CASE NO. 2:08-CV-01971-MCE-KJM. I have been read the foregoing PLAINTIFF ISRAEL BLAS JIMENEZ'S RESPONSES TO DEFENDANT VINO FARMS, INC.'S INTERROGATORIES, SET ONE and know the contents thereof. The matters stated in the foregoing document are true and correct of my own knowledge, except as to those matters that are therein stated on information and belief, and concerning those matters, I believe them to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this Verification was executed on this ___19___ day of April, 2011 in _____, Buena Park, California.


Israel Blas
_____
Israel Blas Jimenez


**DECLARATION OF TRANSLATION**

I, *Sylvia Escobar* declare that I am fluent in both the Spanish and English languages. On April _19_, 2011, I read the foregoing document and orally translated it faithfully and accurately into Spanish in the presence of the declarant. After I completed translating the document, the declarant told me that (s)he understood my translation of the document ~~and thereafter signed the document in my presence.~~ *SLE*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that I executed this declaration on April _19_, 20111, at _Stockton_, Stockton, California.


Sylvia Escobar
_____
Sylvia ESCOBAR

EXHIBIT 13-e

Cynthia L. Rice (SBN 87630)
CALIFORNIA RURAL LEGAL ASSISTANCE, INC.
631 Howard Street, Suite 300
San Francisco, CA 94105
Telephone: (415) 777-2752
Facsimile: (415) 543-2752

Blanca Bañuelos (SBN 231585)
Esmeralda Zendejas (SBN 258809)
CALIFORNIA RURAL LEGAL ASSISTANCE, INC.
145 E. Weber Avenue
Stockton, CA 95202
Telephone: (209) 946-0605
Facsimile: (209) 946-5730

Attorneys for Plaintiffs Sergio Aguirre Batista, Hugo Santiago Arredondo Huerta, Daniel Becerra Aguilar, Israel Blas Jimenez, Librado Blas Martinez, Ramiro Alejandro Garcia Castro, Enrique Garcia Michel, Jaime Lopez Ramos, Fray Marcelino Lopez Rodriguez, Luis Ramon Naranjo Campos, Angel Pano Ruiz, Frisdman Peña Ochoa, Aldo Manuel Rodriguez Zepeda, Octavio Revolledo Godinez, Agustin Torres Elias, Tomas Ayala Gonzalez, Marco Cesar Garcia Gutierrez, Jose Luis Rodriquez, Armando Zuniga Arias, Joel Murillo Guerrero, Oscar Manuel Carillo Torres, Christian Ceja Ruiz, Christian Cruz Valverde, Demetrio Montes Gaitan, Gibran Rigoberto Diaz Campo, Leonel Esparza Ramirez, Benigno Martinez Marquez, Rene Meza Sanchez, Jesus Junior Robles Rodriquez, Luis Manuel Torres Contreras, Uriel Torres Contreras, Juan Alfonso Bailon Marquez, Hugo Cesar Ceja Ibarra, Rigoberto Sandoval Preciado, Roberto Cruz Barragan, Obed Mares Contreras

Julia L. Montgomery (SBN 184083)
CALIFORNIA RURAL LEGAL
ASSISTANCE FOUNDATION
2210 K Street, Suite 201
Sacramento, CA 95814
Telephone: (916) 446-7901
Facsimile: (916) 446-3057

Mark Talamantes (SBN 187961)
TALAMANTES/VILLEGAS/CARRERA, LLP
170 Columbus Avenue, Suite 300
San Francisco, CA 94133
Telephone: (415) 989-8000
Facsimile: (415) 989-8028

Attorneys for all Plaintiffs                Attorneys for all Plaintiffs

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRAY MARCELINO LOPEZ RODRIGUEZ, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>SGLC INC., et al.,<br><br>Defendants. | CASE NO. 2:08-CV-01971-MCE-KJM<br><br>PLAINTIFF LIBRADO BLAS MARTINEZ RESPONSES TO DEFENDANT VINO FARMS, INC.'S INTERROGATORIES, SET ONE |

///

1   Admit that the Daily Labor Sheets and Time sheets produced by Vino Farms with its initial

2   disclosures accurately reflect your hours worked on Vino Farms property.

3                          **KNOWLEDGEABLE PERSONS:**

4          Plaintiff, Plaintiffs' fellow H-2A workers and all Defendants and their agents.

5   **INTERROGATORY NO. 4**

6   State the date your employment with SGLC, Inc. under the H-2A program was terminated (whether

7   through discharge or resignation).

8          **RESPONSE TO INTERROGATORY NO. 4**

9          Plaintiff's last day of work for SGLC, Inc. was on or about October 26, 2008. Plaintiff does

10  not know the exact date that his employment under the H-2A program was terminated.

11  **INTERROGATORY NO. 5**

12  State the beginning and ending dates of your alleged employment by Vino Farms.

13         **RESPONSE TO INTERROGATORY NO. 5**

14         Plaintiff objects to this interrogatory insofar as it calls for a legal conclusion.  Without

15  waiving this objection, Plaintiff responds as follows:

16         Plaintiff's first day of work for the Defendants was on or about July 27, 2008, and his last

17  day of work was on or about October 26, 2008.  Plaintiff does not know the exact dates when his

18  employment began and ended.

19  **INTERROGATORY NO. 6**

20  State the dates you claim you were housed at Camp 17.

21         **RESPONSE TO INTERROGATORY NO. 6**

22         Plaintiff was housed at Camp 17 between the approximate dates of July 20, 2008 through

23  October 26, 2008.

24  **INTERROGATORY NO. 7**

25  State every fact that supports your contention that Vino Farms "acted in concert with the SGLC

26  Defendants in applying for, and recruiting and hiring H-2A workers for admission and work under

27  the approved H-2A application" as alleged in paragraph 19 of the SAC.

28         **RESPONSE TO INTERROGATORY NO. 7**

---

1   Plaintiff objects to this Interrogatory as discovery has not been completed in this matter, and

2   Plaintiff has not received all documents relevant to this matter and has not yet deposed all defendants

3   or their agents.  Furthermore, Plaintiff objects to this interrogatory insofar as it calls for a legal

4   conclusion.  Without waiving any objections, Plaintiff responds as follows:

5   A representative or representatives from Vino Farms met several times in late 2007 and in

6   the first half of 2008 with Salvador Gonzalez, Julian Gonzalez and other grower representatives who

7   contracted with the SGLC defendants in 2008.  At these meetings, among the topics they discussed

8   were how long it would take to bring workers to the U.S. under the H-2A program, how to house the

9   workers, whether workers from Colima had sufficient experience in agriculture, and whether this

10  initial recruitment of workers could open the door to growers bringing in more H-2A workers from

11  Colima in the future.  A representative from Vino Farms participated in a vote along with the other

12  grower representatives at one of these meetings on whether or not to bring H-2A workers to the U.S.

13  through the SGLC Defendants, and the vote was in favor of applying for and recruiting H-2A

14  workers from Colima.  A Vino Farms representative initially planned to accompany the SGLC

15  Defendants and other grower representatives at a worker recruitment meeting in Colima, Mexico,

16  but had to cancel the trip on short notice.  The SGLC Defendants told officials from the Mexican

17  government in Colima that they could not decide whether to recruit H-2A workers from Colima

18  without the approval of the growers with whom they contracted.

19  **INTERROGATORY NO. 8**

20  State every fact that supports your contention that you were "jointly employed by the SGLC, Inc.

21  [sic] Defendants, JULIAN GONZALEZ and the [sic] VINO FARMS, INC." as alleged in paragraph

22  23 of the SAC.

23  **RESPONSE TO INTERROGATORY NO. 8**

24  Plaintiff objects to this Interrogatory as discovery has not been completed in this matter, and

25  Plaintiff has not received all documents relevant to this matter and has not yet deposed all defendants

26  or their agents.  Furthermore, Plaintiff objects to this interrogatory insofar as it calls for a legal

27  conclusion.  Without waiving any objections, Plaintiff responds as follows:

28

1  Alternatively, Plaintiff claims $2,629.93 as his contract with the Defendants guaranteed work during

2  at least ¾ of the total contract period. This amount was calculated by multiplying ¾ of the

3  guaranteed work days during the contract period (88.5) times $100 per day, minus the total gross

4  wages paid to Plaintiff.

5  **INTERROGATORY NO. 15**

6  State the amount of money you claim Vino Farms owes you for any failure to authorize and permit

7  meal periods under Wage Order 14, and explain in detail how you arrived at that amount.

8  **RESPONSE TO INTERROGATORY NO. 15**

9  Plaintiff objects to this Interrogatory as discovery has not been completed in this matter, and

10  Plaintiff has not received all documents relevant to this matter and has not yet deposed all defendants

11  or their agents. Furthermore, Plaintiff objects to this interrogatory insofar as it calls for a legal

12  conclusion. Without waiving any objections, Plaintiff responds as follows:

13  Based on the information currently available to Plaintiff, the amount of money for

14  Defendants' failure to provide meal periods under Wage Order 14 he is claiming as owed jointly by

15  all defendants is $603.26. This amount was calculated by multiplying the number of meal periods

16  to which Plaintiff was entitled (for every 5 hours of work), by his hourly pay rate of $9.73.

17  **INTERROGATORY NO. 16**

18  State the amount of money you claim Vino Farms owes you for any failure to authorize and permit

19  rest periods under Wage Order 14, and explain in detail how you arrived at that amount.

20  **RESPONSE TO INTERROGATORY NO. 16**

21  Plaintiff objects to this Interrogatory as discovery has not been completed in this matter, and

22  Plaintiff has not received all documents relevant to this matter and has not yet deposed all defendants

23  or their agents. Furthermore, Plaintiff objects to this interrogatory insofar as it calls for a legal

24  conclusion. Without waiving any objections, Plaintiff responds as follows:

25  Based on the information currently available to Plaintiff, the amount of money for

26  Defendants' failure to authorize and permit rest periods under Wage Order 14 he is claiming as owed

27  jointly by all defendants is $603.26. This amount was calculated by multiplying the total number

28  of rest periods to which Plaintiff was entitled and did not receive, by his hourly pay rate of $9.73.

1   or their agents.  Furthermore, Plaintiff objects to this interrogatory insofar as it calls for a legal

2   conclusion.  Without waiving any objections, Plaintiff responds as follows:

3         Based on the information currently available to Plaintiff, the amount of money Plaintiff

4   claims all Defendants jointly owe him for violations of the Employee Housing Act at Camp 17 is

5   $7,800.00. This amount was calculated by multiplying $100.00 per day Plaintiff lived at Camp 17

6   from when he moved in until some violations were corrected at the end of August, 2008, plus $50

7   per day from September 1, 2008 until the date Plaintiff moved out, plus additional damages of

8   $50.00 per week he resided at Camp 17.

9   **INTERROGATORY NO. 21**

10   State every fact that supports your contention that Vino Farms engaged in any fraud or

11   misrepresentation with respect to you, as alleged in the Eighth Cause of Action of the SAC.

12         **RESPONSE TO INTERROGATORY NO. 21**

13         Plaintiff objects to this Interrogatory as discovery has not been completed in this matter, and

14   Plaintiff has not received all documents relevant to this matter and has not yet deposed all defendants

15   or their agents.  Furthermore, Plaintiff objects to this interrogatory insofar as it calls for a legal

16   conclusion.  Without waiving any objections, Plaintiff responds as follows:

17         Defendants, including Defendant Vino Farms, Inc., acted in concert during the recruitment

18   process, application for the H-2A certification, job contracts and establishment of working

19   conditions for Plaintiff and other H-2A workers. See Response to Interrogatory No. 7, above.

20   Defendants made representations to Plaintiff and other H-2A workers that they would have work

21   available for 40 hours per week for a period of six months, and would earn at least $100.00 per day

22   in that work.  These representations were made at various worker recruitment meetings in Colima,

23   Mexico and appear on the H-2A application to the U.S. Department of Labor submitted by SGLC,

24   Inc.  These representations were false as Plaintiff did not earn $100 per day during his work days,

25   and Plaintiff was not offered at least 40 hours of work per week for over half of the weeks he

26   worked. Additionally, Plaintiff was not offered any work at all for many days at a time, and was not

27   offered work for the entire six-month contract period. Defendants knew their representations were

28

1  false as at the time they made the representations, they did not have adequate work contracts to fulfill

2  these promises.  Plaintiff relied on Defendants' promises in coming to work in the United States.

3  **INTERROGATORY NO. 22**

4  State every fact that supports your contention that Vino Farms solicited you to work in California

5  through misrepresentation, as alleged in the Ninth Cause of Action of the SAC.

6      **RESPONSE TO INTERROGATORY NO. 22**

7      Plaintiff objects to this Interrogatory as discovery has not been completed in this matter, and

8  Plaintiff has not received all documents relevant to this matter and has not yet deposed all defendants

9  or their agents.  Furthermore, Plaintiff objects to this interrogatory insofar as it calls for a legal

10  conclusion.  Without waiving any objections, Plaintiff responds as follows:

11      See Plaintiff's response to Interrogatory Numbers 7 and 21.  Plaintiff was induced to come

12  to California to work under the H-2A program as a direct result of Defendants' misrepresentations.

13  **INTERROGATORY NO. 23**

14  State every fact that supports your contention that Vino Farms is liable to you for punitive damages.

15      **RESPONSE TO INTERROGATORY NO. 23**

16      Plaintiff objects to this Interrogatory as discovery has not been completed in this matter, and

17  Plaintiff has not received all documents relevant to this matter and has not yet deposed all defendants

18  or their agents.  Furthermore, Plaintiff objects to this interrogatory insofar as it calls for a legal

19  conclusion and violates the attorney-client privilege and the attorney work-product doctrine.

20  Without waiving any objections, Plaintiff responds as follows:

21      See responses to above Interrogatories.  Defendants' actions were reckless and reprehensible

22  in that they solicited Plaintiff and other H-2A workers, inducing them to leave their homes in

23  Colima, Mexico and travel to the United States under false pretenses that Defendants knew were

24  false.  Defendants knew that they did not have adequate contracts to give Plaintiffs and other H-2A

25  workers the amount of work they promised, and they knew they did not have adequate work or funds

26  to pay Plaintiffs the amounts promised at the time they made these promises.  Defendants acted in

27  reckless disregard of Plaintiff's and other workers' rights to be adequately informed of the terms and

28  conditions of their employment in advance of arriving in the U.S. Defendants also acted in reckless

1    disregard of Plaintiff's and other workers' rights to be safely and adequately housed, to receive

2    nutritious, adequate meals and to be properly paid and compensated for their work.

3

4

5    DATED: April 4, 2011             **CALIFORNIA RURAL LEGAL ASSISTANCE INC.**

6

7                                 *Esmeralda Zendejas*

8                                 Blanca A. Bañuelos
                                   Esmeralda Zendejas

9                                 Cynthia Rice
                                Attorney for Plaintiffs Aguirre Batista, Arredondo

10                                 Huerta, Aguilar, Blas Jimenez, Blas Martinez, Garcia
                                Castro, Garcia Michel, Lopez Ramos, Lopez

11                                 Rodriguez, Naranjo Campos, Pano Ruiz, Peña Ochoa,
                                Rodriguez Zepeda, Revolledo Godinez, Torres Elias,

12                                 Ayala Gonzalez, Garcia Gutierrez, Rodriquez, Zuniga
                                Arias, Murillo Guerrero, Carillo Torres, Ceja Ruiz,

13                                 Cruz Valverde, Montes Gaitan, Diaz Campo, Esparza
                                Ramirez, Martinez Marquez, Meza Sanchez, Robles

14                                 Rodriquez, L.M. Torres Contreras, U. Torres
                                Contreras, Bailon Marquez, Ceja Ibarra, Sandoval

15                                 Preciado, Cruz Barragan, Mares Contreras

16

17

18

19

20

21

22

23

24

25

26

27

28

1    **VERIFICATION OF RESPONSES TO INTERROGATORIES, SET ONE**

2    I, _Librado Blas Martinez_____ , state:

3    I am a named Plaintiff in *Lopez Rodriguez, et al. v. SGLC, Inc., et al.*, Case No. 2:08-CV-

4    01971-MCE-KJM.          The       foregoing       document       titled,       PLAINTIFF

5    _Librado Blas Martinez_____ 'S RESPONSES TO DEFENDANT VINO FARMS,

6    INC.'S INTERROGATORIES, SET ONE was read to me in Spanish and I know the contents thereof.

7    The matters stated in the foregoing document are true and correct of my own knowledge, except

8    as to those matters that are therein stated on information and believe, and concerning those

9    matters, I believe them to be true.

10   I declare under penalty of perjury under the laws of the State of California that the

11   foregoing is true and correct and that this Verification was executed on April _18_ , 2011 at

12   _Teoman_____ , Colima, Mexico.

13   _Librado Blas Martinez_

# EXHIBIT 13f

1  Cynthia L. Rice (SBN 87630)
   CALIFORNIA RURAL LEGAL ASSISTANCE, INC.
2  631 Howard Street, Suite 300
   San Francisco, CA 94105
3  Telephone: (415) 777-2752
   Facsimile: (415) 543-2752

4

5  Blanca Bañuelos (SBN 231585)
   Esmeralda Zendejas (SBN 258809)
6  CALIFORNIA RURAL LEGAL ASSISTANCE, INC.
   145 E. Weber Avenue
7  Stockton, CA 95202
   Telephone: (209) 946-0605
   Facsimile: (209) 946-5730

8
   Attorneys for Plaintiffs Sergio Aguirre Batista, Hugo Santiago Arredondo Huerta, Daniel Becerra
9  Aguilar, Israel Blas Jimenez, Librado Blas Martinez, Ramiro Alejandro Garcia Castro, Enrique
   Garcia Michel, Jaime Lopez Ramos, Fray Marcelino Lopez Rodriguez, Luis Ramon Naranjo
10 Campos, Angel Pano Ruiz, Frisdman Peña Ochoa, Aldo Manuel Rodriguez Zepeda, Octavio
   Revolledo Godinez, Agustin Torres Elias, Tomas Ayala Gonzalez, Marco Cesar Garcia Gutierrez,
11 Jose Luis Rodriguez, Armando Zuniga Arias, Joel Murillo Guerrero, Oscar Manuel Carillo Torres,
   Christian Ceja Ruiz, Christian Cruz Valverde, Demetrio Montes Gaitan, Gibran Rigoberto Diaz
12 Campo, Leonel Esparza Ramirez, Benigno Martinez Marquez, Rene Meza Sanchez, Jesus Junior
   Robles Rodriquez, Luis Manuel Torres Contreras, Uriel Torres Contreras, Juan Alfonso Bailon
13 Marquez, Hugo Cesar Ceja Ibarra, Rigoberto Sandoval Preciado, Roberto Cruz Barragan, Obed
   Mares Contreras
14
   Julia L. Montgomery (SBN 184083)            Mark Talamantes (SBN 187961)
15 CALIFORNIA RURAL LEGAL                      TALAMANTES/VILLEGAS/CARRERA, LLP
   ASSISTANCE FOUNDATION                       170 Columbus Avenue, Suite 300
16 2210 K Street, Suite 201                    San Francisco, CA 94133
   Sacramento, CA 95814                        Telephone: (415) 989-8000
17 Telephone: (916) 446-7901                   Facsimile: (415) 989-8028
   Facsimile: (916) 446-3057
18
   Attorneys for all Plaintiffs               Attorneys for all Plaintiffs
19
                    UNITED STATES DISTRICT COURT
20            FOR THE EASTERN DISTRICT OF CALIFORNIA

21 FRAY MARCELINO LOPEZ RODRIGUEZ,   |   CASE NO. 2:08-CV-01971-MCE-KJM
   et al.,                          |
22                                   |   PLAINTIFF CESAR HUGO CEJA
                  Plaintiffs,        |   IBARRA'S RESPONSES TO DEFENDANT
23                                   |   VINO FARMS, INC.'S
                                     |   INTERROGATORIES, SET ONE
24 v.                                |
                                     |
25 SGLC INC., et al.,                |
                                     |
26                Defendants.        |

27

28 ///

───────────────────────────────────────────────
PLAINTIFF CESAR HUGO CEJA IBARRA'S RESPONSES TO DEFENDANT VINO FARMS, INC.'S
INTERROGATORIES, SET ONE                                                          1

1  Admit that the Daily Labor Sheets and Time sheets produced by Vino Farms with its initial

2  disclosures accurately reflect your hours worked on Vino Farms property.

3  **KNOWLEDGEABLE PERSONS:**

4  Plaintiff, Plaintiffs' fellow H-2A workers and all Defendants and their agents.

5  **INTERROGATORY NO. 4**

6  State the date your employment with SGLC, Inc. under the H-2A program was terminated (whether

7  through discharge or resignation).

8  **RESPONSE TO INTERROGATORY NO. 4**

9  Plaintiff's last day of work for SGLC, Inc. was on or about October 26, 2008. Plaintiff does

10  not know the exact date that his employment under the H-2A program was terminated.

11  **INTERROGATORY NO. 5**

12  State the beginning and ending dates of your alleged employment by Vino Farms.

13  **RESPONSE TO INTERROGATORY NO. 5**

14  Plaintiff objects to this interrogatory insofar as it calls for a legal conclusion. Without

15  waiving this objection, Plaintiff responds as follows:

16  Plaintiff's first day of work for the Defendants was on or about July 21, 2008, and his last

17  day of work was on or about October 26, 2008. Plaintiff does not know the exact dates when his

18  employment began and ended.

19  **INTERROGATORY NO. 6**

20  State the dates you claim you were housed at Camp 17.

21  **RESPONSE TO INTERROGATORY NO. 6**

22  Plaintiff was housed at Camp 17 between the approximate dates of July 20, 2008 through

23  October 26, 2008.

24  **INTERROGATORY NO. 7**

25  State every fact that supports your contention that Vino Farms "acted in concert with the SGLC

26  Defendants in applying for, and recruiting and hiring H-2A workers for admission and work under

27  the approved H-2A application" as alleged in paragraph 19 of the SAC.

28  **RESPONSE TO INTERROGATORY NO. 7**

1    Plaintiff objects to this Interrogatory as discovery has not been completed in this matter, and

2    Plaintiff has not received all documents relevant to this matter and has not yet deposed all defendants

3    or their agents.  Furthermore, Plaintiff objects to this interrogatory insofar as it calls for a legal

4    conclusion.  Without waiving any objections, Plaintiff responds as follows:

5        A representative or representatives from Vino Farms met several times in late 2007 and in

6    the first half of 2008 with Salvador Gonzalez, Julian Gonzalez and other grower representatives who

7    contracted with the SGLC defendants in 2008.  At these meetings, among the topics they discussed

8    were how long it would take to bring workers to the U.S. under the H-2A program, how to house the

9    workers, whether workers from Colima had sufficient experience in agriculture, and whether this

10   initial recruitment of workers could open the door to growers bringing in more H-2A workers from

11   Colima in the future.  A representative from Vino Farms participated in a vote along with the other

12   grower representatives at one of these meetings on whether or not to bring H-2A workers to the U.S.

13   through the SGLC Defendants, and the vote was in favor of applying for and recruiting H-2A

14   workers from Colima.  A Vino Farms representative initially planned to accompany the SGLC

15   Defendants and other grower representatives at a worker recruitment meeting in Colima, Mexico,

16   but had to cancel the trip on short notice.  The SGLC Defendants told officials from the Mexican

17   government in Colima that they could not decide whether to recruit H-2A workers from Colima

18   without the approval of the growers with whom they contracted.

19   **INTERROGATORY NO. 8**

20   State every fact that supports your contention that you were "jointly employed by the SGLC, Inc.

21   [sic] Defendants, JULIAN GONZALEZ and the [sic] VINO FARMS, INC." as alleged in paragraph

22   23 of the SAC.

23       **RESPONSE TO INTERROGATORY NO. 8**

24       Plaintiff objects to this Interrogatory as discovery has not been completed in this matter, and

25   Plaintiff has not received all documents relevant to this matter and has not yet deposed all defendants

26   or their agents.  Furthermore, Plaintiff objects to this interrogatory insofar as it calls for a legal

27   conclusion.  Without waiving any objections, Plaintiff responds as follows:

28

1  or their agents.  Furthermore, Plaintiff objects to this interrogatory insofar as it calls for a legal

2  conclusion.  Without waiving any objections, Plaintiff responds as follows:

3         Based on the information currently available to Plaintiff, the amount of money Plaintiff

4  claims all Defendants jointly owe him for violations of the Employee Housing Act at Camp 17 is

5  $7,800.00. This amount was calculated by multiplying $100.00 per day Plaintiff lived at Camp 17

6  from when he moved in until some violations were corrected at the end of August, 2008, plus $50

7  per day from September 1, 2008 until the date Plaintiff moved out, plus additional damages of

8  $50.00 per week he resided at Camp 17.

9  **INTERROGATORY NO. 21**

10  State every fact that supports your contention that Vino Farms engaged in any fraud or

11  misrepresentation with respect to you, as alleged in the Eighth Cause of Action of the SAC.

12         **RESPONSE TO INTERROGATORY NO. 21**

13         Plaintiff objects to this Interrogatory as discovery has not been completed in this matter, and

14  Plaintiff has not received all documents relevant to this matter and has not yet deposed all defendants

15  or their agents.  Furthermore, Plaintiff objects to this interrogatory insofar as it calls for a legal

16  conclusion.  Without waiving any objections, Plaintiff responds as follows:

17         Defendants, including Defendant Vino Farms, Inc., acted in concert during the recruitment

18  process, application for the H-2A certification, job contracts and establishment of working

19  conditions for Plaintiff and other H-2A workers. See Response to Interrogatory No. 7, above.

20  Defendants made representations to Plaintiff and other H-2A workers that they would have work

21  available for 40 hours per week for a period of six months, and would earn at least $100.00 per day

22  in that work. These representations were made at various worker recruitment meetings in Colima,

23  Mexico and appear on the H-2A application to the U.S. Department of Labor submitted by SGLC,

24  Inc.  These representations were false as Plaintiff was paid amounts of $100 per day on the days he

25  worked for the defendants, and Plaintiff was not offered at least 40 hours of work per week for over

26  half of the weeks he worked. Additionally, Plaintiff was not offered any work at all for many days

27  at a time, and was not offered work for the entire six-month contract period. Defendants knew their

28  representations were false as at the time they made the representations, they did not have adequate

1  work contracts to fulfill these promises. Plaintiff relied on Defendants' promises in coming to work

2  in the United States.

3  **INTERROGATORY NO. 22**

4  State every fact that supports your contention that Vino Farms solicited you to work in California

5  through misrepresentation, as alleged in the Ninth Cause of Action of the SAC.

6  **RESPONSE TO INTERROGATORY NO. 22**

7  Plaintiff objects to this Interrogatory as discovery has not been completed in this matter, and

8  Plaintiff has not received all documents relevant to this matter and has not yet deposed all defendants

9  or their agents. Furthermore, Plaintiff objects to this interrogatory insofar as it calls for a legal

10 conclusion. Without waiving any objections, Plaintiff responds as follows:

11 See Plaintiff's response to Interrogatory Numbers 7 and 21. Plaintiff was induced to come

12 to California to work under the H-2A program as a direct result of Defendants' misrepresentations.

13 **INTERROGATORY NO. 23**

14 State every fact that supports your contention that Vino Farms is liable to you for punitive damages.

15 **RESPONSE TO INTERROGATORY NO. 23**

16 Plaintiff objects to this Interrogatory as discovery has not been completed in this matter, and

17 Plaintiff has not received all documents relevant to this matter and has not yet deposed all defendants

18 or their agents. Furthermore, Plaintiff objects to this interrogatory insofar as it calls for a legal

19 conclusion and violates the attorney-client privilege and the attorney work-product doctrine.

20 Without waiving any objections, Plaintiff responds as follows:

21 See responses to above Interrogatories. Defendants' actions were reckless and reprehensible

22 in that they solicited Plaintiff and other H-2A workers, inducing them to leave their homes in

23 Colima, Mexico and travel to the United States under false pretenses that Defendants knew were

24 false. Defendants knew that they did not have adequate contracts to give Plaintiffs and other H-2A

25 workers the amount of work they promised, and they knew they did not have adequate work or funds

26 to pay Plaintiffs the amounts promised at the time they made these promises. Defendants acted in

27 reckless disregard of Plaintiff's and other workers' rights to be adequately informed of the terms and

28 conditions of their employment in advance of arriving in the U.S. Defendants also acted in reckless

1   disregard of Plaintiff's and other workers' rights to be safely and adequately housed, to receive

2   nutritious, adequate meals and to be properly paid and compensated for their work.

3

4

5   DATED: April 4, 2011                         **CALIFORNIA RURAL LEGAL ASSISTANCE
                                                  INC.**

6

7                                                 *Esmeralda Zendejas*
                                                  Blanca Bañuelos
8                                                 Cynthia Rice
                                                  Esmeralda Zendejas
9                                                 Attorneys for Plaintiffs Aguirre Batista, Arredondo
                                                  Huerta, Aguilar, Blas Jimenez, Blas Martinez, Garcia
10                                                Castro, Garcia Michel, Lopez Ramos, Lopez
                                                  Rodriguez, Naranjo Campos, Pano Ruiz, Pe?a Ochoa,
11                                                Rodriguez Zepeda, Revolledo Godinez, Torres Elias,
                                                  Ayala Gonzalez, Garcia Gutierrez, Rodriquez, Zuniga
12                                                Arias, Murillo Guerrero, Carillo Torres, Ceja Ruiz,
                                                  Cruz Valverde, Montes Gaitan, Diaz Campo, Esparza
13                                                Ramirez, Martinez Marquez, Meza Sanchez, Robles
                                                  Rodriguez, L.M. Torres Contreras, U. Torres
14                                                Contreras, Bailon Marquez, Ceja Ibarra, Sandoval
                                                  Preciado, Cruz Barragan, Mares Contreras

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1   **VERIFICATION OF RESPONSES TO INTERROGATORIES, SET ONE**

2   I, _Ceja Ibarra Cesar Hugo_ , state:

3   I am a named Plaintiff in *Lopez Rodriguez, et al. v. SGLC, Inc., et al.*, Case No. 2:08-CV-

4   01971-MCE-KJM.     The     foregoing     document     titled,     PLAINTIFF

5   _Cesar Hugo Ceja Ibarra_ 's RESPONSES TO DEFENDANT VINO FARMS,

6   INC.'S INTERROGATORIES, SET ONE was read to me in Spanish and I know the contents thereof.

7   The matters stated in the foregoing document are true and correct of my own knowledge, except

8   as to those matters that are therein stated on information and believe, and concerning those

9   matters, I believe them to be true.

10   I declare under penalty of perjury under the laws of the State of California that the

11   foregoing is true and correct and that this Verification was executed on April _18_ , 2011 at

12   _Tecoman_ , Colima, Mexico.

13                    _Hugo Cesar Ceja Ibarra_