UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRAY MARCELINO LOPEZ RODRIGUEZ, et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>SGLC, INC., et al.,<br><br>        Defendants. | No.  2:08-cv-01971-MCE-KJN<br><br>MEMORANDUM AND ORDER |

    This action for unpaid wages, breach of contract, violation of California labor and housing laws, unfair competition and fraud proceeds on Plaintiffs' Second Amended Complaint ("SAC") filed against, among others, Defendants SGLC, Inc. ("SGLC") and Vino Farms, Inc. ("Vino Farms").

///
///
///
///
///
///

1

Presently before the Court are a Motion for Summary Judgment (ECF No. 138) filed by Vino Farms and a Motion to Dismiss (ECF No. 139) filed by three Plaintiffs, Demetrio Montes Gaitan ("Gaitan"), Rigoberto Preciado Sandoval ("Sandoval") and Armando Zunigas Arias ("Arias") (collectively, "Moving Plaintiffs").[1]  For the following reasons, Vino Farms' Motion for Summary Judgment is GRANTED in part and DENIED in part, and Moving Plaintiffs' Motion to Dismiss is DENIED as moot.[2]

## BACKGROUND

The parties' dispute in this case arises out of allegations by a number of farm workers ("Plaintiffs") admitted to the United States from Mexico through the federal H-2 visa program. Plaintiffs take the position that SGLC, a labor contractor, promised them six months of work at one hundred dollars per day.

///

---

[1] In addition to Vino Farms' instant Motion, which is four (4) pages long, Defendant has since, on April 12, 2012, filed two additional summary judgment motions (ECF Nos. 160, 168) that are each sixteen (16) pages long.  On January 14, 2011, however, this Court issued an Amended Pretrial Scheduling Order that, absent an order of this Court to the contrary, limits initial moving papers pertaining to dispositive motions to twenty (20) pages each. Vino Farms has exceeded that limit, and the Court finds no record that it ever granted Vino Farms permission to do so. Accordingly, not later than two (2) days following the date this Memorandum and Order is electronically filed, Vino Farms is directed to advise this Court in writing as to which of its two remaining Motions it prefers to have this Court consider.

[2] Because oral argument will not be of material assistance, the Court ordered this matter submitted on the briefing.  E.D. Cal. Local Rule 230(g).

2

The remaining Defendants, agricultural growers and producers, purportedly acted in concert with SGLC in making those representations and also allegedly jointly employed Plaintiffs.

According to Plaintiffs, while traveling from Mexico to their California work sites, Plaintiffs allegedly paid for, among other things, their own transportation and living expenses. Plaintiffs were also charged for meals provided by Defendants. Plaintiffs aver that these expenses constituted de facto deductions from their earnings and served to reduce their pay to below the minimum wage. Plaintiffs further contend that the living conditions at the work sites did not meet applicable state and federal standards.

Plaintiffs thus initiated this action in August of 2008 and subsequently filed a First Amended Complaint and the operative SAC. Vino Farms propounded Requests for Admissions ("RFAs") upon Plaintiffs on December 6, 2010. Per its RFAs, Vino Farms sought to have Plaintiffs admit, among other things, that:

> Vino Farms did not "employ" [Plaintiffs];
>
> [Plaintiffs] had no written contract with Vino Farms;
>
> [Plaintiffs] had no oral contract with Vino Farms;
>
> Vino Farms was not a party to the contract that [Plaintiffs] allege in the Second Cause of Action of the SAC;
>
> [N]o Vino Farms employee or agent recruited [Plaintiffs] to come to California to work under the H-2A program;
>
> [N]o Vino Farms employee or agent made any false statements of material fact to [Plaintiffs] in Mexico before [they] traveled to California under the H-2A program; and

> Vino Farms made no promises to [Plaintiffs] to induce [them] to come to California to work under the H-2A program.

Declaration of Brandon R. McKelvey, ¶ 2, Exh. A (Vino Farms' RFAs), Nos. 3, 10-12, 37-39.

Plaintiffs' responses were originally due on January 10, 2011, but Plaintiffs thereafter requested and were granted multiple extensions of time to respond to the RFAs. Eventually, Vino Farms offered Plaintiffs an extension until April 18, 2011, if Plaintiffs' counsel would agree to dismiss those Plaintiffs who had not responded by that date. That deadline was then extended to April 22, 2011.

Approximately nine months later, in January of 2012, Vino Farms filed its instant Motion since Moving Plaintiffs still had neither responded to the RFAs nor been voluntarily dismissed. By its Motion, Vino Farms now seeks to have judgment entered as to each of these Plaintiffs on the basis that each of their failures to respond to the RFAs constitutes an admission of all material facts entitling Vino Farms to judgment.

Moving Plaintiffs responded to Vino Farms' Motion by filing a Motion to Dismiss the Moving Plaintiffs without prejudice because, despite diligent efforts, Plaintiffs' counsel had been unable to locate or communicate with the non-responding parties. By the time Plaintiffs opposed Vino Farms' Motion for Summary Judgment a few weeks later, however, Plaintiffs' counsel had located Sandoval and served Vino Farms with his RFA responses ("Responses").[3]

---

[3] Vino Farms asks that the Court strike Moving Plaintiffs' Opposition as untimely. However, given that the Opposition was

1  Sandoval thus argues that the request as to him is now moot.  As
2  to the remaining Moving Plaintiffs, counsel consented to the
3  granting of summary judgment as to Arias, but requested that
4  summary judgment as to Gaitan be denied and that his case be
5  dismissed without prejudice instead.  For the following reasons,
6  Vino Farms' Motion for Summary Judgment is GRANTED in part and
7  DENIED in part, and Moving Plaintiffs' Motion to Dismiss is
8  DENIED as moot.

## ANALYSIS

**A. Armando Z. Arias**

Plaintiffs agree that summary judgment should be granted as to Arias.  Accordingly, Vino Farms' Motion is GRANTED as to Arias, and Moving Plaintiffs' Motion to Dismiss Arias is DENIED as moot.

**B. Rigoberto Preciado Sandoval**

According to Vino Farms, it is entitled to summary judgment as to Sandoval because, by failing to timely respond to Vino Farms' RFAs, Sandoval admitted all matters therein and thus all material facts supporting judgment in that Defendant's favor have been conclusively established.
///

---

timely based on the continued hearing date, the Court declines to do so.

5

1    In his Opposition, Sandoval does not dispute Vino Farms'
2 contention that, in light of his admissions, Vino Farms is
3 entitled to judgment.  Instead, Sandoval argues that since he has
4 now served his Responses, Vino Farms' Motion is moot.  Construing
5 Sandoval's Opposition as a Motion to Withdraw admissions under
6 Rule 36(b), in the interest of judicial economy, the Court finds
7 Sandoval's argument persuasive.  See Whitsitt v. Club Resource
8 Group, 357 F. App'x 877, 878 (9th Cir. 2009) (holding it was not
9 an abuse of discretion for a district court to construe an
10 opposition to a motion for summary judgment as a motion to
11 withdraw admissions and to deny that motion); Zavala v. Chrones,
12 2012 WL 1978343, *1 (construing the late filing of responses to
13 requests for admission as a motion to withdraw).
14    Vino Farms is correct that under the Federal Rules, "[a]
15 matter is admitted unless, within 30 days after being served, the
16 party to whom the request is directed serves on the requesting
17 party a written answer or objection addressed to the matter and
18 signed by the party or its attorney."  Fed. R. Civ. P. 36(a)(3).
19 "A matter admitted under this rule is conclusively established
20 unless the court, on motion, permits the admission to be
21 withdrawn or amended."  Id., Rule 36(b).  "[T]he court may permit
22 withdrawal or amendment if it would promote the presentation of
23 the merits of the action and if the court is not persuaded that
24 it would prejudice the requesting party in maintaining or
25 defending the action on the merits."  Id.
26 ///
27 ///
28 ///

1  Because Sandoval's admissions undermine his entire action, and
2  because Vino Farms will suffer little prejudice if those
3  admissions are withdrawn, withdrawal will be permitted here.[4]
4       "The first half of the test in Rule 36(b) is satisfied when
5  upholding the admissions would practically eliminate any
6  presentation of the merits of the case." Hadley v. United
7  States, 45 F.3d 1345, 1348 (9th Cir. 1995).  In this case, due to
8  Sandoval's failure to respond to the RFAs, Vino Farms has moved
9  for summary judgment as to Sandoval's claims in their entirety
10 based solely on those matters deemed admitted as a matter of law.
11 That fact alone is probative of the impact upholding Sandoval's
12 admissions would have on "the presentation of the merits of [his]
13 action."  By failing to respond to the RFA's, Sandoval had
14 effectively admitted that no contract exists and no
15 misrepresentations were made on which liability can be based.
16 Absent some ability to prove that Sandoval had any sort of
17 contact with either Vino Farms or its agent or that either Vino
18 Farms or its agent made the promises to Sandoval that he alleges
19 in the SAC, each of Sandoval's causes of action is almost
20 certainly doomed.  The Court thus finds that the first prong of
21 the Rule 36 test has been met.
22 ///
23 ///

---

[4] The Court is cognizant that the Ninth Circuit has advised district courts "to be cautious in exercising their discretion to permit withdrawal or amendment of an admission." 999 v. C.I.T. Corp., 776 F.2d 866, 869 (9th Cir. 1985).  "This seems an appropriate admonition in cases such as C.I.T. Corp., where the defendant moved to withdraw an admission in the middle of trial." Lintz v. Potter, 2011 WL 5241259, *3 n.6 (E.D. Cal.).

1    As to the second prong, this court "should focus on the
2 prejudice that the nonmoving party would suffer at trial."
3 Conlon v. United States, 474 F.3d 616, 624 (9th Cir. 2007). "The
4 prejudice contemplated by Rule 36(b) is not simply that the party
5 who obtained the admission will now have to convince the
6 factfinder of its truth. Rather, it relates to the difficulty a
7 party may face in proving its case, e.g., caused by the
8 unavailability of key witnesses, because of the sudden need to
9 obtain evidence with respect to the questions previously deemed
10 admitted." Hadley, 45 F.3d at 1348 (internal citations and
11 quotations omitted). The Court finds Vino Farms will not suffer
12 that kind of prejudice contemplated by Rule 36 if Sandoval is
13 permitted to withdraw his admissions. To the contrary, even with
14 Sandoval's admissions, Vino Farms would still have to defend
15 against nearly identical claims dependent on both Vino Farms'
16 alleged misrepresentations and the existence of a contractual
17 relationship, claims still being prosecuted by Sandoval's
18 numerous co-Plaintiffs. The issues and the underlying facts
19 overlap so dramatically that this Court finds Vino Farms will
20 suffer no real burden in having to persuade a trier of fact that,
21 like the remaining Plaintiffs, Sandoval had no contract with Vino
22 Farms or that Vino Farms is not responsible for any
23 misrepresentations that allegedly induced Sandoval to agree to
24 work in California. While Vino Farms will, as a practical
25 matter, be prejudiced by having to prove those matters previously
26 deemed admitted, pursuant to the relevant authority, and
27 especially under the facts of this case, that type of prejudice
28 is simply insufficient to justify denial of Sandoval's Motion.

1  The Court thus finds that, for purposes of Rule 36, Vino Farms
2  will not be prejudiced by Sandoval's withdrawal of his
3  admissions.
4      Given the direct impact Sandoval's admissions have on the
5  viability of his action, and the fact that Vino Farms will suffer
6  relatively little prejudice if withdrawal of those admissions is
7  permitted, the Court now holds that Sandoval will be permitted to
8  withdraw his admissions.  Since Vino Farms' entire Motion for
9  Summary Judgment turns on the viability of those admissions, Vino
10 Farms' own Motion is thus DENIED as moot.  Moving Plaintiffs'
11 Motion to Dismiss Sandoval is DENIED as moot as well.

**C. Demitrio Montes Gaitan**

    Contrary to Arias and Sandoval, Gaitan has neither provided
RFAs nor consented to the granting of Vino Farms' Motion.  The
parties do not dispute that Gaitan cannot succeed in his suit
against Vino Farms given that his non-responses to Vino Farms'
RFAs are deemed admissions as a matter of law.  Fed. R. Civ. P.
36(a)(3).  Moving Plaintiffs merely ask that Gaitan be dismissed
without prejudice.  Plaintiffs' request is rejected, but this
Court nonetheless declines to grant summary judgment in favor of
Vino Farms as well.
    Instead, the Court finds dismissal for failure to prosecute
under Rule 41(b) is proper here.  Plaintiff has had ample time to
respond to discovery requests, but has failed to do so.  He has
apparently failed to keep in contact with his counsel or to
provide any substantive opposition to the instant Motion.

1  Given that Gaitan's own counsel cannot find him, even after
2  conducting its own thorough search, the Court finds that Gaitan
3  has abandoned his suit.  See Collins v. Mendoza-Powers,
4  2009 WL 4810663, *2 (E.D. Cal.).  Generally, this Court would
5  warn a plaintiff prior to dismissing his case pursuant to Rule
6  41(b).  Gaitan, however, has had constructive notice that his
7  case was subject to dismissal since Vino Farms filed its Motion
8  for Summary Judgment in January.  Issuing any additional warning
9  would be an exercise in futility given counsel's inability to
10 locate Gaitan even in the face of that other already-pending
11 dispositive motion.  See Link v. Wabash R. Co., 370 U.S. 626, 633
12 (1962) ("[W]hen circumstances make such action appropriate, a
13 District Court may dismiss a complaint for failure to prosecute
14 even without affording notice of its intention to do so or
15 providing an adversary hearing before acting.").  Accordingly,
16 both Vino Farms' Motion for Summary Judgment and Plaintiffs'
17 Motion to Dismiss are DENIED as moot.

## CONCLUSION

21    For the reasons just stated, Vino Farms' Motion for Summary
22 Judgment (ECF No. 138) is GRANTED in part and DENIED in part, and
23 Moving Plaintiffs' Motion to Dismiss (ECF No. 139) is DENIED as
24 moot.  The Clerk of the Court is directed to terminate Plaintiffs
25 Armando Z. Arias and Demetrio Montes Gaitan from this case.
26 ///
27 ///
28 ///

1  Not later than two (2) days following the date this Memorandum
2  and Order is electronically filed, Vino Farms is directed to
3  advise the Court which of its two remaining Motions for Summary
4  Judgment (ECF Nos. 160 and 168) it prefers to have the Court
5  consider.
6      IT IS SO ORDERED.

Dated:  August 23, 2012

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE