UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRAY MARCELINO LOPEZ RODRIGUEZ,
et al.,

              Plaintiffs,

     v.

SGLC, INC., et al.,

              Defendants.

No.  2:08-cv-01971-MCE-KJN

MEMORANDUM AND ORDER

This action for unpaid wages, breach of contract, violation of California labor and housing laws, unfair competition and fraud proceeds on Plaintiffs' Second Amended Complaint ("SAC") filed against, among others, Defendants SGLC, Inc., Salvador Gonzalez, Julian Gonzalez and Salvador Gonzalez, dba Salvador Gonzalez Farm Labor Contractor (collectively, "SGLC Defendants") and Vino Farms, Inc. ("Vino Farms").  Presently before the Court is Plaintiffs' Motion to Allow Testimony by Videoconferencing of Plaintiffs and Opt-Ins at Trial ("Motion"). For the following reasons, Plaintiffs' Motion is DENIED without prejudice.[1]

///

///

---

[1] Because oral argument will not be of material assistance, the Court ordered this matter submitted on the briefing.  E.D. Cal. Local Rule 230(g).

1

**BACKGROUND**

The parties' dispute in this case arises out of allegations by Plaintiffs, a number of farm workers admitted to the United States from Mexico through the federal H-2 visa program. Plaintiffs take the position that the SGLC Defendants, who engaged in labor contracting, promised them six months of work at one hundred dollars per day.  The remaining Defendants, agricultural growers and producers, purportedly acted in concert with SGLC in making those representations and also allegedly jointly employed Plaintiffs.

According to Plaintiffs, while traveling from Mexico to their California work sites, Plaintiffs allegedly paid for, among other things, their own transportation and living expenses. Plaintiffs were also charged for meals provided by Defendants.  Plaintiffs aver that these expenses constituted <u>de facto</u> deductions from their earnings and served to reduce their pay to below the minimum wage.  Plaintiffs further contend that the living conditions at the work sites did not meet applicable state and federal standards and that they were not given work on a daily basis nor were they provided meal and rest breaks.

Plaintiffs thus initiated this action in August of 2008 and subsequently filed a First Amended Complaint and the operative SAC.  Four years later, trial is approaching, and Plaintiffs have now filed their instant Motion seeking to present Plaintiffs' testimony from Mexico via videoconferencing.[2]  The SGLC Defendants and Vino Farms oppose Plaintiffs' Motion.  For the following reasons, Plaintiffs' Motion is DENIED without prejudice.

///

///

///

///

---

[2]  The Court is cognizant that the parties also dispute whether Plaintiff can permissibly present testimony of the party-Plaintiffs on a representative basis.  The Court declines to resolve this question in its current context because no motion on the subject is properly before the Court, and the issue has thus not been fully briefed.  Either party is free, of course, to properly notice a motion on this Court's regular civil calendar seeking to resolve this question should they choose to do so.

1

**ANALYSIS**

2

3          Pursuant to Federal Rule of Civil Procedure 43(a):

4          At trial, the witnesses' testimony must be taken in open court unless a federal
           statute, the Federal Rules of Evidence, these rules, other rules adopted by the
5          Supreme Court provide otherwise.  For good cause in compelling circumstances
           and with appropriate safeguards, the court may permit testimony in open court by
6          contemporaneous transmission from a different location.

7    The Advisory Committee notes to Rule 43 further caution, however, as follows:

8          The importance of presenting live testimony in court cannot be forgotten. The
           very ceremony of trial and the presence of the factfinder may exert a powerful
9          force for truthtelling. The opportunity to judge the demeanor of a witness face-to-
           face is accorded great value in our tradition. Transmission cannot be justified
10         merely by showing that it is inconvenient for the witness to attend the trial.

11         The most persuasive showings of good cause and compelling circumstances are
           likely to arise when a witness is unable to attend trial for unexpected reasons,
12         such as accident or illness, but remains able to testify from a different place….

13         Other possible justifications for remote transmission must be approached
           cautiously. Ordinarily depositions, including video depositions, provide a superior
14         means of securing the testimony of a witness who is beyond the reach of a trial
           subpoena, or of resolving difficulties in scheduling a trial that can be attended by
15         all witnesses. Deposition procedures ensure the opportunity of all parties to be
           represented while the witness is testifying.  An unforeseen need for the testimony
16         of a remote witness that arises during trial, however, may establish good cause
           and compelling circumstances. Justification is particularly likely if the need arises
17         from the interjection of new issues during trial or from the unexpected inability to
           present testimony as planned from a different witness.

18
                                               …
19
           A party who could reasonably foresee the circumstances offered to justify
20         transmission of testimony will have special difficulty in showing good cause and
           the compelling nature of the circumstances. Notice of a desire to transmit
21         testimony from a different location should be given as soon as the reasons are
           known, to enable other parties to arrange a deposition, or to secure an advance
22         ruling on transmission so as to know whether to prepare to be present with the
           witness while testifying.
23

24   The Advisory Committee notes go on to further observe that "[s]afeguards must be adopted that

25   ensure accurate identification of the witness and that protect against influence by persons present

26   with the witness. Accurate transmission likewise must be assured."

27          Plaintiffs argue good cause and compelling circumstances exist here to justify the Court in

28   permitting Plaintiffs to testify by videoconference because, in a nutshell, Plaintiffs "cannot afford

the cost of travel to appear in person at trial for the purpose of providing in-court testimony," Motion, 6:14-15, and "securing a visa for admission to the United States is not only costly but a complex procedure," id., 7:13-14. Plaintiffs also indicate they have investigated and will put into place safeguards that they contend will, in conjunction with the safeguards inherent in the requirements that witnesses take an oath and be subject to cross-examination, adequately assure the integrity of any video-testimony. Id., 8:7-9:8. For example, Plaintiffs intend to use teleconference facilities provided and operated by the Mexican government, and Plaintiffs' counsel or other attorneys will be present in Mexico at the time videoconferenced testimony is given.

     Despite the persuasiveness of Plaintiffs' arguments on their face, Plaintiffs' instant request is flawed for a variety of reasons. First, the circumstances confronting Plaintiffs can hardly be construed as unforeseen. Plaintiffs have known for years that the costs of international travel can be prohibitive, just as they have known that visas may prove difficult to come by. There is simply nothing unexpected about the difficulties Plaintiffs' anticipate in this case. In addition, while Plaintiffs have shown the Court that that they have little resources, they have not provided evidence as to how much it will actually cost to secure their attendance at trial. On the current record, then, Plaintiffs have shown only that it will be inconvenient for them to attend trial. Moreover, Plaintiffs waited until well after the close of discovery, when the time for either party to capture deposition testimony has already passed, to file their instant Motion. Had Plaintiffs' pursued their requested relief earlier, the parties could possibly have preserved deposition testimony for use at trial.

     That being said, the Court does recognize that "[t]he cost of international travel can provide good cause for contemporaneous transmission of testimony" and that at least one court has determined cost-related factors are sufficient to permit even parties to testify remotely. See Lopez v. NTI, LLC, 748 F. Supp. 2d 471, 480 (D. Md. 2010) (permitting Honduran plaintiffs to testify via videoconference). The bulk of the cases relying on this basis to justify the taking of remote testimony have done so, however, in the context of taking third-party witness testimony,

not in the context of taking the testimony of parties themselves.  Accordingly, while the Court sympathizes with Plaintiffs' argument here that it will be expensive to travel to California to prosecute their case, those expenses are not unforeseen, nor do those expenses, standing alone, rise to the level of good cause necessary to justify departure from the preferred mechanism of conducting trial with all testifying parties physically present in open court.

Perhaps more importantly, though, is the fact that Plaintiffs have made no showing that they have attempted to obtain and been denied visas permitting them to travel to California for purposes of this trial.  Such a showing would go a long way toward convincing this Court cause exists to grant Plaintiffs' instant request.  Indeed, the showing Plaintiffs have currently put before the Court could arguably be made in any wage and hour litigation brought by non-resident farm workers.  This Court is loathe to set a precedent that would permit the use of alternative testimony on essentially a carte blanche basis simply given the nature of the claims being pursued in a given action.  Accordingly, the Court now holds that Plaintiffs have failed on the instant record to show good cause.  Plaintiffs must make a more compelling showing before this Court will be willing to go down the path of permitting these types of cases to essentially be tried almost entirely remotely.  Plaintiffs' Motion is thus DENIED without prejudice to renewal upon a more developed record.

**CONCLUSION**

For the reasons just stated, Plaintiffs' Motion to Allow Testimony by Videoconferencing of Plaintiffs and Opt-ins at Trial (ECF No. 249) is DENIED without prejudice.

IT IS SO ORDERED.

DATE:  August 24, 2012

MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE