UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRAY MARCELINO LOPEZ RODRIGUEZ, et al., | No. 2:08-cv-01971-MCE-KJM |
| Plaintiffs, | |
| v. | **ORDER CERTIFYING QUESTIONS FOR APPEAL** |
| SGLC INC., et al., | |
| Defendants. | |

    This action for unpaid wages, breach of contract, violation of California labor and housing laws, unfair competition and fraud proceeds on Plaintiffs' Second Amended Complaint filed against Defendants SGLC, Inc., Salvador Gonzalez, Julian Gonzalez, Salvador Gonzalez doing business as Salvador Gonzalez Farm Labor Contractor (collectively, "SGLC Defendants" or "SGLC"), and the Grower Defendants: Islands, Inc. ("Islands") and Thomas Hester (collectively, "Islands Defendants"), and Vino Farms, Inc. ("Vino Farms").  Presently before the Court is Plaintiffs' Motion for Leave to Submit Evidence through Representative Testimony and Modification of Scheduling Order. (ECF No. 275.)  The SGLC Defendants, Vino Farms, and the Islands Defendants each filed oppositions to the motion.  (ECF Nos. 279, 280, 281.)  For the reasons set forth below, Plaintiffs Motion is DENIED.

**FACTUAL BACKGROUND**

Plaintiffs, citizens of Mexico, were allegedly recruited to work in and around Galt and Clarksburg, California, in 2008 by SGLC and the grower Defendants.  SGLC provided Plaintiffs and other farm workers with visas through the federal H-2A visa program, and promised Plaintiffs six months of work at one hundred dollars per day. According to Plaintiffs, at all times the Grower Defendants "acted in concert" with SGLC and were their joint employers under the Fair Labor Standards Act ("FLSA") and California law.

Plaintiffs paid for their transportation and cost of living while traveling from Mexico to their work sites in California, as well as other administrative fees.  Plaintiffs argue that contrary to the terms of their work contract, they were not reimbursed for these expenses.  Plaintiffs were also charged for the meals that Defendants provided. According to Plaintiffs, these expenses were de facto deductions from Plaintiffs' wages, which reduced their earnings to below the state and federal minimum wage.  Plaintiffs also contend that living conditions at the various work sites did not meet the minimum standards set by state and federal laws, and that the meals provided were not adequate or nutritious.

**PROCEDURAL HISTORY**

Plaintiffs filed their original complaint against the SGLC Defendants on August 20, 2008.  (ECF No. 1.)  On December 12, 2008, Plaintiffs moved for conditional certification of a FLSA Collective Action (ECF No. 14), which the SGLC Defendants did not oppose (ECF No. 28).  The Court granted Plaintiffs' motion for conditional certification of a FLSA collective action on February 6, 2009.  (ECF No. 32.)

///

///

Pursuant to that order, the Court preliminarily certified a FLSA collective action for "[a]ll workers employed by Defendants at any time between June 10, 2008 and December 31, 2008, either under the terms of an H-2A Job Order or who performed tasks listed under the H-2A job order including picking and pruning work." (ECF No. 32 at 5-6.) The Court approved a period of three months for potential class members to "opt-in" to Plaintiffs' suit. (Id. at 6.) On May 21, 2009, the Court ordered that the opt-in period be extended for a period of thirty days. (ECF No. 34.)

On February 2, 2010, Plaintiffs filed their Second Amended Complaint which named the Islands Defendants and Vino Farms as new defendants in the case. (ECF No. 67.) On May 3, 2010, Defendant Vino Farms moved to dismiss Plaintiffs' Second Amended Complaint. (ECF No. 86.) On May 18, 2010, the Islands Defendants filed their own motion to dismiss. (ECF No. 96.) On July 23, 2010, the Court denied both motions. (ECF No. 111.) On August 6, 2010, the Islands Defendants filed their Answer to Plaintiffs' Second Amended Complaint. (ECF No. 116.) On August 13, 2010, Vino filed its Answer. (ECF No. 117.) On January 14, 2011, the Court issued an Amended Pretrial Scheduling Order, requiring that Plaintiffs' dispositive motions be filed by March 22, 2012, and that Defendants' dispositive motions and oppositions be filed by April 12, 2012. (ECF No. 127.)

On January 30, 2012, Vino Farms moved for summary judgment, (ECF No. 138), which Plaintiffs opposed (ECF No. 144). On March 22, 2012, the Islands Defendants moved for summary judgment (ECF No. 148), which Plaintiffs also opposed (ECF No. 159). On April 12, 2012, Defendant Vino Farms moved for summary judgment on the issue of joint employment only (ECF No. 160). On the same day, Vino Farms filed another Motion for Summary Judgment as to all issues (ECF No. 168). Plaintiffs opposed Vino Farms' motions. (ECF Nos. 206, 208.) On August 23, 2012, the Court issued an order directing Vino Farms "to advise the Court which of its two remaining Motions for Summary Judgment it prefer[red] to have the Court consider." (ECF No. 264.)

Subsequently, Vino Farms filed an ex parte application for relief from the page limits set forth in the Amended Pretrial Scheduling Order, or in the alternative, for relief from the Court's August 23, 2012 order. (ECF No. 266.) The Court denied the ex parte request for relief, and again ordered Vino Farms to advise the Court which of its two remaining motions for summary judgment it wished to have the Court consider. (ECF No. 271.) Vino Farms responded that it wished to have the Court consider Motion for Summary Judgment as to all issues, ECF No. 168. (ECF No. 272.)

On July 12, 2012, Plaintiffs moved to allow Plaintiffs to testify by videoconferencing. (ECF No. 249.) Vino Farms and the SGLC Defendants opposed the motion. (ECF Nos. 258, 259.) The Court denied the motion without prejudice on August 24, 2012. (ECF No. 265.) Plaintiffs then filed the motion presently before the Court, seeking leave to submit evidence through representative testimony and modification of the scheduling order. (ECF No. 275.) All Defendants opposed the motion. (ECF Nos. 279-281.)

Finally, on June 14, 2012, the Court vacated the October 1, 2012, bench trial and continued it to January 14, 2013. (ECF No. 248.) Pursuant to that same order, the Court ordered that all evidentiary and procedural motions be filed by October 25, 2012. (Id. at 2.)

## ANALYSIS

### A.   Collective Action under the FLSA

Section 216 of the FLSA provides that a person may maintain an action on "behalf of himself . . . and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." 29 U.S.C. § 216(b).

"A collective action allows . . . plaintiffs the advantage of lower individual costs to vindicate rights by the pooling of resources. The judicial system benefits by efficient resolution in one proceeding of common issues of law and fact arising from the same alleged . . . activity." Hoffmann-LaRoche, Inc. v. Sperling, 493 U.S. 165, 170 (1989). The language of § 216(b) distinguished a collective action from a class action sought under Federal Rule of Civil Procedure 23. See Young v. Cooper Cameron Corp., 229 F.R.D. 50, 54 (S.D.N.Y. 2005).

"The [C]ourt's determination of whether a collective action is appropriate is discretionary. Plaintiffs bear the burden of showing that they and the proposed class are similarly situated for the purposes of [29 U.S.C. § 216(b)]. The term 'similarly situated' is not defined under the FLSA and the Ninth Circuit has yet to address the issue." Adams v. Inter-Con Sec. Sys., Inc., 242 F.R.D. 530, 535-36 (N.D. Cal. 2007) (internal citations omitted). This Court has followed the two-tiered case-by-case approach. (See ECF No. 32 at 3 (citing Adams, 242 F.R.D. at 536)). Under that approach, "[t]he first step . . . considers whether the proposed class should be given notice of the action. This decision is based on the pleadings and affidavits submitted by the parties. The [C]ourt makes this determination under a fairly lenient standard due to the limited amount of evidence before it . . . ." Adams, 242 F.R.D. at 536 (quoting Leuthold v. Destination Am., Inc., 224 F.R.D. 462, 467 (N.D. Cal. 2004)). Conditional certification of a FLSA collective action is "merely a preliminary finding." Lynch v. United Servs. Auto. Ass'n, 491 F. Supp. 2d 357, 368 (S.D.N.Y 2007).

This Court conditionally certified this case as a FLSA collective action when Plaintiffs moved for conditional certification. (ECF No. 32.) As the Court stated, at that early stage, "conditional certification require[d] only that 'plaintiffs make substantial allegations that the putative class members were subject to a single illegal policy, plan or decision.'" Id. (quoting Leuthold, 224 F.R.D. at 468). Under that standard, the Court found Plaintiffs' allegations sufficient for the purposes of conditional certification. (ECF No. 32 at 4.)

1  In particular, as the Court stated in its previous order, Plaintiffs "allege Defendants
2  violated the FLSA by failing to pay Plaintiffs for all hours worked and shifting travel and
3  immigration-related costs to Plaintiffs such that Plaintiffs' first week's wages fell well
4  below the federal minimum wage.  Additionally, Plaintiffs produced evidence that other
5  workers desire to opt in." (Id.)  Accordingly, the Court found that "the farm laborers
6  employed under the terms of the same employment contracts are similarly situated with
7  respect to their pay provision and job requirements." (Id.)  Thus, the Court found that
8  "conditional certification of collective action [was] appropriate." (Id.)

After notice is distributed, the action proceeds as a collective action throughout discovery.  See, e.g., Lynch, 491 F. Supp. 2d at 368.  After discovery is largely completed, the Court at step two "makes a factual determination on the 'similarly situated' standard." Falcon v. Starbucks Corp., 580 F. Supp. 2d 528, 534 (S.D. Tex. 2008) (quoting Mooney v. Aramco Servs. Co., 54 F.3d 1207, 1214 (5th Cir. 1995)); see also Leuthold, 224 F.R.D. at 467.  At step two, the standard is less lenient.  See Leuthold, 224 F.R.D. at 468 (noting the "more rigorous inquiry required to maintain the class").  At this second step, "the district court has a much thicker record than it had at the notice stage, and can therefore make a more informed factual determination of similarity." Morgan v. Family Dollar Stores, Inc., 551 F.3d 1233, 1261 (11th Cir. 2008).  At this stage, it is the plaintiffs who bear the "heavier burden" of showing that the plaintiffs are similarly situated.  Id. (citing Anderson v. Cagle's, Inc., 488 F.3d 945, 953 (11th Cir. 2007)).

The second stage is generally triggered by the employer's motion for decertification.  See, e.g., Leuthold, 224 F.R.D. at 468; Morgan, 551 F.3d at 1261.  At least one court has noted that "it would be unusual to reach the latter inquiry upon motion of the plaintiffs." Leuthold, 224 F.R.D. at 468.

///
///
///

1 More unusual still is the situation presently before the Court: none of the Defendants
2 have moved to decertify the collective action, and Plaintiffs have not moved for final
3 certification of the collective action, and the time for evidentiary and procedural motions
4 has passed.  The Court is aware of no other case dealing with this particular
5 circumstance.
6     Given that it is Plaintiffs who bear the burden of establishing that they are similarly
7 situated at the second stage of certification, the Court finds that, even though
8 Defendants typically move to decertify the conditionally certified collective action, it is
9 ultimately Plaintiffs' responsibility to seek final certification and demonstrate to the Court
10 that Plaintiffs are similarly situated so that the case may proceed as a collective action.
11 Because Plaintiffs have made no such motion, and offered no evidence for the purpose
12 of allowing the Court to make the "more informed factual determination of similarity," see
13 Morgan, 551 F.3d at 1261, the case cannot proceed as a FLSA collective action.
14     Accordingly, the opt-in plaintiffs are DISMISSED WITHOUT PREJUDICE.  See
15 Myers v. The Hertz Corp., 624 F.3d 537, 555 (2d Cir. 2010) ("The action may be
16 'decertified' if the record reveals that [the class members] are not [similarly situated], and
17 the opt-in plaintiffs' claims may be dismissed without prejudice.")
18     Similar to when a Court grants a motion for decertification of a FLSA collective
19 action, the Court here cannot find that Plaintiffs are similarly situated for purposes of
20 § 216(b).  Thus, the same procedural result—dismissal of the opt-in plaintiffs—is
21 appropriate.  Accordingly, each of the originally named Plaintiffs now proceeds
22 individually with his or her FLSA claim.
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

### B. Representative Testimony

A district court's decision to certify a § 216(b) collective action opens the door for plaintiffs to use representative testimony in proving their prima facie case at trial. See Morgan, 551 F.3d at 1280 (finding that once plaintiffs meet the § 216(b) similarly situated standard, they are "similarly situated enough to testify as representatives of one another."); Sec'y of Labor v. DeSisto, 929 F.2d 789, 792 (1st Cir. 1991). Indeed, "a collective action is designed to permit the presentation of evidence regarding certain representative plaintiffs that will serve as evidence for the class as a whole." Reed v. Cnty. of Orange, 266 F.R.D. 446, 463 (C.D. Cal. 2010) (quoting Bayles v. Am. Medical Response of Colo., Inc., 950 F. Supp. 1053, 1065 (D. Colo. 1996)).

While representative testimony is generally acceptable in FLSA collective actions, see Morgan, 551 F.3d at 1280, this case no longer proceeds as a collective action pursuant to § 216(b). Rather, each Plaintiff now brings his or her FLSA claims on behalf of him or herself only. See supra.

Because there is no final finding that Plaintiffs are similarly situated, and Plaintiffs now represent only their individual claims (and not a class of Plaintiffs), representative testimony is not appropriate in this case. Compare Morgan, 551 F.3d at 1280 (finding that once plaintiffs meet the § 216(b) 'similarly situated' standard, they are "similarly situated enough to testify as representatives of one another). Accordingly, Plaintiffs' Motion for Representative Testimony is DENIED.

///
///
///
///
///
///
///

**CONCLUSION**

For the reasons just stated,

1. The opt-in Plaintiffs are DISMISSED WITHOUT PREJUDICE.

2. Plaintiffs' Motion for Representative Testimony (ECF No. 275) is DENIED.

3. Defendant Vino Farms' Motion for Summary Judgment (ECF No. 160) is DENIED AS MOOT.

4. The following questions are certified for consideration for immediate appeal:

    a) In the absence of a formal motion to de-certify, do Plaintiffs have an affirmative obligation to bring a motion for final certification in a collective action that was previously conditionally certified pursuant to 29 U.S.C. § 216(b); and if Plaintiffs fail to do so is this grounds for decertifying the collective action and dismissing the opt-in plaintiffs?

    b) Upon a proper showing of foundation and relevance, may Plaintiffs offer and use representative testimony to establish the elements of claims based upon violations of the Fair Labor Standards Act and other federal and state labor laws and regulations in the absence of a collective action under 29 U.S.C. § 216(b)?

IT IS SO ORDERED.

Dated: December 4, 2012

    MORRISON C. ENGLAND, JR
    UNITED STATES DISTRICT JUDGE