UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRAY MARCELINO LOPEZ RODRIGUEZ, et al., <br><br>     Plaintiffs, <br><br>     v. <br><br> SGLC INC., et al., <br><br>     Defendants. | No. 2:08-CV-01971-MCE-KJN <br><br> **MEMORANDUM AND ORDER** |

This action for unpaid wages, breach of contract, violation of California labor and housing laws, unfair competition, and fraud proceeds on Plaintiffs' Second Amended Complaint filed against two sets of Defendants: (1) SGLC, Inc., Salvador Gonzalez, Julian Gonzalez, Salvador Gonzalez doing business as Salvador Gonzalez Farm Labor Contractor (collectively, "SGLC Defendants" or "SGLC"), and (2) Islands, Inc. ("Islands") and Thomas Hester (collectively, "Islands Defendants"). Presently before the Court is Plaintiffs' Motion for Leave to Submit Evidence through Representative Testimony and Motion to Modify the Scheduling Order ("Motion"), ECF No. 339, which all Defendants oppose, ECF No. 341. For the reasons set forth below, Plaintiffs' Motion is granted in part and denied in part.[1]

---

[1] Because oral argument will not be of material assistance, the Court ordered this matter submitted on the briefs. E.D. Cal. Local R. 230(g).

1

## FACTUAL BACKGROUND[2]

Plaintiffs, citizens of Mexico, were allegedly recruited by SGLC and the grower Defendants in 2008 to work in and around Galt and Clarksburg, California. SGLC provided Plaintiffs and other farm workers with visas through the federal H-2A visa program, and promised Plaintiffs six months of work at one hundred dollars per day. According to Plaintiffs, Defendants at all times "acted in concert" with SGLC and were Plaintiffs' joint employers under the FLSA and California law.

Plaintiffs paid for their own transportation and cost of living while traveling from Mexico to their work sites in California, as well as other administrative fees. Plaintiffs argue that contrary to the terms of their work contract, they were not reimbursed for these expenses. Plaintiffs were also charged for the meals that Defendants provided. Plaintiffs argue that these expenses were de facto deductions from Plaintiffs' wages, and that they reduced their earnings to below the state and federal minimum wage. Plaintiffs also contend that living conditions at the various work sites did not meet the minimum standards set by state and federal laws, and that the meals provided were not adequate or nutritious.

## PROCEDURAL HISTORY

On August 20, 2008, Plaintiffs filed their initial Complaint. ECF No. 1. Plaintiffs filed a First Amended Complaint later that year. ECF No. 9. On December 12, 2008, Plaintiffs moved for conditional certification of their action as a Fair Labor Standards Act ("FLSA") Collective Action. ECF No. 14. On February 6, 2009, the Court granted the Motion for Conditional Certification of an FLSA collective action. ECF No. 32.

---

[2] The following recitation of facts is based on Plaintiff's Second Amended Complaint. Compl., Feb. 2, 2010, ECF No. 67.

1  That order set an opt-in period of three months, which was later extended another thirty
2  days, for persons who wished to participate in the action as plaintiffs.  In 2010, Plaintiffs
3  filed a Second Amended Complaint.  ECF No. 67.
4        In July of 2012, Plaintiffs filed a motion to allow testimony by videoconferencing,
5  seeking a Court order permitting certain Plaintiffs to testify by videoconference from
6  Mexico.  ECF No. 249.  The Court denied that motion without prejudice on August 24,
7  2012, on the ground that Plaintiffs failed to show the requisite good cause—namely,
8  Plaintiffs failed to show that the costs of travel from Mexico to attend trial were not
9  unforeseen or that they had made an effort to obtain and had been denied visas
10  permitting them to travel to California for trial.  ECF No. 265.
11        Thereafter, on October 4, 2012, Plaintiffs filed their first motion for leave to submit
12  evidence through representative testimony, ECF No. 275, which the Court also denied,
13  ECF No. 308.  The Court found that although it is typically employer defendants who
14  move to decertify the conditional class after discovery, Plaintiffs have the ultimate
15  responsibility to seek final certification of their conditional class.  In this case, Defendants
16  did not move to decertify the class, and Plaintiffs did not move for final certification.
17  Accordingly, the Court found that the case could not proceed as a FLSA collective
18  action.  Order at 7, ECF No. 308.  In light of this finding, the Court dismissed the opt-in
19  plaintiffs and found that representative testimony was not appropriate, given that
20  Plaintiffs were no longer a class.  Order at 8, ECF No. 308.  As a result of this order,
21  Plaintiffs now proceed individually with their claims.
22        On November 16, 2012, the Court held a final pretrial conference, and, given that
23  this was an issue of first impression, certified the issue of final certification of the class
24  for interlocutory appeal to the Ninth Circuit.  ECF No. 313.  The Ninth Circuit declined to
25  take that appeal.  ECF No. 323.
26        On September 26, 2013, the Court held a status conference, where issues related
27  to trial and settlement conferences were discussed.  ECF No. 335.  Thereafter, Plaintiffs
28  filed the instant Motion.

## ANALYSIS

"[A] district court may reconsider its prior rulings so long as it retains jurisdiction over the case." United States v. Smith, 389 F.3d 944, 948-49 (9th Cir. 2004) (citing City of Los Angeles v. Santa Monica Baykeeper, 254 F.3d 882, 888 (9th Cir. 2001)). However, "[u]nder the 'law of the case' doctrine, 'a court is generally precluded from reconsidering an issue that has already been decided by the same court, or a higher court in the identical case.'" United States v. Alexander, 106 F.3d 874, 876 (9th Cir. 1997) (quoting Thomas v. Bible, 983 F.2d 152, 154 (9th Cir. 1993), cert. denied, 508 U.S. 951 (1993)). "The doctrine is not a limitation on a tribunal's power, but rather a guide to discretion." Id. (citing Arizona v. California, 460 U.S. 605, 618 (1983)). The law of the case doctrine is "a judicial invention designed to aid in the efficient operation of court affairs," United States v. Lummi Indian Tribe, 235 F.3d 443, 452 (9th Cir. 2000) (quoting Milgard Tempering, Inc. v. Selas Corp. of Am., 902 F.2d 703, 715 (9th Cir. 1990)), and is "founded upon the sound public policy that litigation must come to an end," Old Person v. Brown, 312 F.3d 1036, 1039 (9th Cir. 2002), cert. denied, 540 U.S. 1016 (2003). "Further, the doctrine serves to advance the 'principle that in order to maintain consistency during the course of a single lawsuit, reconsideration of legal questions previously decided should be avoided.'" Smith, 389 F.3d at 948 (quoting United States v. Houser, 804 F.2d 565, 567 (9th Cir. 1986) (citation omitted)). Notably, "[i]ssues that a district court determines during pretrial motions become law of the case." Id. (quoting United States v. Phillips, 367 F.3d 846, 856 (9th Cir. 2004)).

///
///
///
///
///

However, under certain circumstances, a motion for reconsideration may be heard. Specifically, "[a] court may have discretion to depart from the law of the case where: 1) the first decision was clearly erroneous; 2) an intervening change in the law has occurred; 3) the evidence on remand is substantially different; 4) other changed circumstances exist; or 5) a manifest injustice would otherwise result." Alexander, 106 F.3d at 876 (citing Thomas, 983 F.2d at 155). In the absence of such a circumstance, a court lacks discretion to stray from the "law of the case" doctrine. Id. Motions for reconsideration are not a vehicle for a party to simply "rehash" arguments and facts previously considered by the court in making its ruling. See Costello v. U.S. Government, 765 F. Supp. 1003, 1009 (C.D. Cal. 1991); Taylor v. Knapp, 871 F.2d 803, 805 (9th Cir. 1989).

Here, the Court finds that changed circumstances demand departure from the law of the case doctrine. At the time that the Court considered Plaintiffs' first motion for representative testimony, over one year ago, Plaintiffs proceeded collectively under the FLSA. Now, as a result of the Court's November 15, 2012, Order, Plaintiffs proceed individually. These changed circumstances warrant new consideration of the issue of representative testimony.

Moreover, the Court indicated at the status conference on September 26, 2013, that it would revisit the issue of representative testimony in light of the potentially sixty-day trial Plaintiffs and Defendants maintain is necessary to try the case. Specifically, at the hearing, the following exchange took place:

> The Court: "I'm going to tell you that we would never ever be able to get that many days [of trial] in a row. And so it's going to be a start-stop and it could take over a year to get the trial done, and that's no way to run a courtroom.
>
> Ms. Rice: Understood, Your Honor. Plaintiffs are more than willing to re-explore representative testimony if that will help the Court out.
>
> The Court: All right.
>
> Ms. Rice: Thank you.

5

The Court: I'll see anything at this point.

Hearing Tr. 9, Sept. 26, 2013. In light of this exchange, the Court finds it would be unjust to decline to consider the merits of Plaintiffs' motion. The Court further finds that, given this exchange, there is "good cause" to amend the Court's scheduling order, as required by Federal Rule of Civil Procedure 16(b). See Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607 (9th Cir. 1992). The Court thus grants Plaintiffs' request to modify the scheduling order so that the instant motion may be heard.

However, the Court must nonetheless deny Plaintiffs' motion for representative testimony on the merits. Plaintiffs' lead counsel, Cynthia Rice, states that Plaintiffs' counsel has reviewed documents in this case, including the crew sheets, payroll registers, cancelled checks, contracts, and responses to the written discovery propounded by Defendants and responded to by the Plaintiffs in this action." Decl. Cynthia Rice 2, Oct. 17, 2013, ECF No. 339-2. Ms. Rice informs the Court that "much if not all of that information is before the court as Exhibits to the Plaintiffs' Opposition Defendants' Motions for Summary Judgment, Document Nos. 167, 171, 174-180, 193, 204-222." Id. Ms. Rice further states that, based on her review of these documents, she "directed [her] staff to cross reference the names of all Plaintiffs by dates and location of work, and the names of the SGLC supervisor assigned to the crew." Id. Plaintiffs have consequently identified fourteen individual Plaintiffs "who worked on one or more days at every location and in every crew fielded by SGLC." Id. According to Ms. Rice, these fourteen individuals "have been identified as having worked at times and locations that will encompass the days worked by the 40 Plaintiffs remaining in this action." Id. at 3.

Plaintiffs emphasize that these fourteen individuals are identified "not based on a statistical sampling or extrapolation, but on the identification of specific days worked, locations, and foreman worked by all individuals for whom recovery is sought." Rice Decl. at 3. Plaintiffs further allege that "[d]irect evidence will be submitted to establish those facts through records maintained and produced by Defendants." Id.

///

1    Ms. Rice attaches, as an exhibit to her declaration, a "copy of the H-2A
2    application/Clearance Order Granted to Defendant, SGLC, Inc. which, by operation of
3    law includes all material terms of the employment contract entered into between the
4    Defendants and Plaintiffs and Opt-Ins in this action." Id.
5            Ms. Rice fails to include, however, any actual evidence, as opposed to her own
6    cursory representations, demonstrating exactly how these fourteen individuals were
7    selected as representatives.  It is unclear whether Ms. Rice expects that the Court will
8    simply take her at her word that these fourteen individuals worked at the times and
9    locations that encompass the days worked by all Plaintiffs in this action, or whether she
10   expects the Court to scour document numbers 167, 171, 174 through 180, 193, and 204
11   through 222 of this case—amounting to nearly 3,900 pages—for indications that these
12   fourteen Plaintiffs are indeed representative and collectively worked and lived at all
13   worksites and housing sites at issue in this case.
14           Indeed, Plaintiffs provide absolutely no documentation for the Court of when
15   these individuals worked, where they worked, where they lived, and so on.  As
16   Defendants point out, Plaintiffs' testimony may differ significantly depending on their
17   work assignments, housing assignments, how long an individual spent at a particular
18   housing facility, and a myriad of other factors.  The Court cannot allow Plaintiffs to cherry
19   pick representatives to testify about the working and housing conditions experienced by
20   all Plaintiffs without any demonstration to the Court that this testimony is, in fact,
21   representative of, for example, facts going to working locations, housing facilities, meals,
22   travel times, and time periods, each representative would testify to.  Plaintiffs' motion for
23   representative testimony is therefore denied.[3]
24   ///
25   ///
26   ///

---

[3] This is to say nothing of the potential due process violations which representative testimony poses.  However, the Court need not reach this issue, given Plaintiffs' utter failure to demonstrate the adequacy of their proposed representatives and thus the validity of their request.

**CONCLUSION**

For the reasons just stated, Plaintiffs' Motion for Leave to Submit Evidence through Representative Testimony and Motion to Modify the Scheduling Order, ECF No. 339, is GRANTED IN PART AND DENIED IN PART.  Specifically, Plaintiff's request to modify the scheduling order is GRANTED to permit Plaintiffs' instant Motion to be heard, and Plaintiff's request for representative testimony is DENIED.

IT IS SO ORDERED.

Dated:  December 23, 2013

MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT COURT