UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRAY MARCELINO LOPEZ RODRIGUEZ, et al., <br><br> Plaintiffs, <br><br> v. <br><br> SGLC INC., et al., <br><br> Defendants. | No. 2:08-CV-1971-MCE-KJN <br><br> **MEMORANDUM AND ORDER** |

Plaintiffs are forty-five Mexican citizens alleging violations of California and federal labor laws by numerous Defendants, including Defendant Vino Farms ("Vino"). As a general matter, Plaintiffs allege that Defendants acted in concert to recruit, hire, procure H-2A visas for, transport, and employ Plaintiffs at various locations in Sacramento and San Joaquin Counties. Plaintiffs further allege that during the course of this employment, Defendants subjected them to numerous violations of federal and California state law. Plaintiffs thus brought the instant action, alleging claims under the Fair Labor Standards Act ("FLSA"), as well as several claims under California law.

///

///

///

1

Presently before the Court is Plaintiffs' Motion for Approval of Settlement Agreement ("Motion").[1] Mot., Dec. 16, 2013, ECF No. 353. Vino does not oppose the Motion. For the reasons set forth below, Plaintiffs' Motion is GRANTED.

## STANDARD

A settlement of an action under the FLSA differs from the settlement of other claims. Congress enacted the FLSA to protect workers from substandard wages and oppressive working hours. Barrentine v. Arkansas-Best Freight System, 450 U.S. 728, 739 (1981). An employee's cannot waive their right to a minimum wage and to overtime pay under the FLSA. Id. at 740. As such, FLSA rights cannot be abridged by contract or otherwise waived because this would "nullify the purposes" of the statute and thwart the legislative policies it was designed to effectuate. Id. Neither liquidated damages nor back wages may be "negotiated away . . . in the interest of achieving a settlement." McKeen-Chaplin v. Franklin Am. Mortg. Co., No. C 10-5243 SBA, 2012 WL 6629608 (N.D. Cal. Dec. 19, 2012) (citing Brooklyn Savings Bank v. O'Neil, 324 U.S. 697, 707 (1945); D.A. Schulte, Inc. v. Gangi, 328 U.S. 108, 114-15 (1946)).

"There are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees." Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 (11th Cir. 1982). "First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them." Id. Second, "[w]hen employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." Id. (citing Schulte, Inc. v. Gangi, 328 U.S. 108 (1946); Jarrard v. Se. Shipbuilding Corp., 163 F.2d 960, 961 (5th Cir. 1947)).

[1] Through this motion, Plaintiffs seek approval of their settlement agreement with Vino. The settlement resolves only Plaintiffs' claims against Vino; the agreement does not resolve Plaintiffs' claims against other Defendants.

Before approving an FLSA settlement, the court must scrutinize it to determine if it is "a fair and reasonable resolution of a bona fide dispute." Id. at 1355. If the settlement reflects a "reasonable compromise over issues . . . that are actually in dispute," the Court may "approve the settlement in order to promote the policy of encouraging settlement of litigation." Id. at 1354.

**ANALYSIS**

In this case, there can be no doubt that there is a bona fide dispute. The case has gone on for nearly six years, and the Court denied in part Vino's motion for summary judgment, reflecting that there are serious and legitimate disputes between the parties' positions. See Order, Nov. 15, 2012, ECF No. 309.

Furthermore, the settlement is fair and reasonable. The total settlement amount is $180,000. Mot. at 14. According to Plaintiffs,

> [u]p to $118,537.00 has been allocated to pay Plaintiffs and Opt-ins for their individual claims. Payments to each worker were calculated by making a pro rata distribution of the amount distributed to each worker under the terms of the Settlement Agreement entered into with the Greene & Hemly Defendants and approved by this court. Under this formula, approximately 40% has been allocated to the settlement of claims for unpaid wages, while approximately 52% has been allocated to the settlement of claims for interest, penalties, liquidated damages, reimbursement of equipment and restitution ("non-wage") amounts. These totals are based on damage projections provided by plaintiffs' audit of the Defendants' payroll and time records, witness testimony and on the Parties' good faith assessment of the aggregate value of unpaid wages versus other damages that could have been sought by Plaintiffs. The remaining amount of approximately 7% has been allocated as an enhancement payment to the named plaintiffs to compensate them for the time spent and risk incurred in bringing and pursuing this action. The enhancement rate is relatively modest, and pro rated, results in a rate of less than $5.00 per day worked.

Id.; see also Settlement Agreement, Dec. 16, 2013, ECF No. 353-2. Additionally, $10,000 of the settlement amount is for claims administration. Mot. at 14.

///

Finally, $61,463.00 accounts for attorneys' fees, which is approximately 34% of the common fund. Id. at 15.

The settlement is especially reasonable when balancing factors such as the strength of plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the extent of the discovery completed, the stage of the proceedings, and the experience and views of counsel. See, e.g., Torrisi v. Tucson Electric Power Co., 8 F.3d 1370, 1375 (9th Cir. 1993) (quoting Officers for Justice v. Civil Serv. Comm'n of S.F., 688 F.2d 615, 625 (9th Cir. 1982)) (listing factors to consider in determining whether to approve a class action settlement). Plaintiffs submitted lengthy documentation supporting the fairness and adequacy of the settlement agreement. Litigation could continue on for at least an additional year in this case, as trial is currently set for January 5, 2015, and trial of the entire case between all Plaintiffs and all Defendants could take over sixty days. See Joint Status Report, July 23, 2013, ECF No. 328 at 6.

The parties also conducted extensive discovery, which is now complete. Finally, counsel is experienced in litigating wage and hour matters, and has dedicated over 5,000 hours to litigating this case.

In sum, after review of the Settlement Agreement and the Memorandum and supporting documents submitted by Plaintiffs, this Court finds that the terms of the settlement agreement are fair and reflect a reasonable compromise of Plaintiffs' claims. Additionally, the Court finds that this agreement is not the product of fraud, overreaching, or collusion between, the negotiating parties. Accordingly, the Court approves the settlement in its entirety.[2]

///

///

///

---

[2] While the Court disagrees that San Francisco rates apply for the calculation of attorneys' fees, the Court nonetheless finds that the amount of attorneys' fees sought is reasonable in light of the hours dedicated to this case, the complexity of the case, and the stage of the litigation. The amount of attorneys' fees sought is therefore awarded.

**CONCLUSION**

For the reasons set forth above, Plaintiffs' Motion for Approval of Settlement, ECF No. 353, is hereby GRANTED. This matter is hereby submitted on the briefs as oral argument would not be of material assistance to the Court, E.D. Cal. Local R. 230(g), and the hearing currently set for January 23, 2014, is VACATED.

Dated:  January 14, 2014

_____
MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT COURT